TERRELL, Justice.
January 8, 1958, petitioner suffered an industrial accident alleged to have arisen out of and in the course of his employment. He r^as at the time working for the Coral Gables First National Bank, its carrier being United States Fidelity and Guaranty Company. In reaching around or over an IBM machine to retrieve a check that was being processed, he stretched his left arm; an acute pain resulted that extended diagonally across the precordial area and tended to involve the entire left chest.
A hearing was held before the deputy commissioner, Florida Industrial Commission, March 31, 1959, who on May 28, 1959, entered an order awarding compensation benefits. The employer-carrier filed application for review by the full commis *34 sion which was heard September 2, 1959. October 15, 1959, the full commission entered an order setting aside and vacating the order of the deputy commissioner. The case is here on appeal by certiorari from the order of the full commission.
The point for determination is whether or not there is competent and substantial evidence in the record to support an award for compensation and other benefits to petitioner because of the accident suffered January 8, 1958.
It is shown that petitioner had a previous tubercular condition that had been quiescent for approximately thirty years. The medical testimony under review was in conflict but was directed to the point of whether or not the accident suffered by him reactivated his quiescent tubercular condition. He entered North Shore Hospital January 9, 1958, and was discharged February 4, 1958. He was readmitted to the same hospital February 13, and discharged February 17, 1958. He was also hospitalized at Jackson Memorial Hospital.
During confinement at the hospital laboratory studies, including spinal tap, x-rays of the kidneys and x-rays of the head were made. On thorough examination of these Dr. I. B. Cippes gave it as his opinion that the pain experienced by petitioner on January 8, 1958, was a manifestation of the reactivation of his quiescent tuberculosis. Dr. M. J. Flipse g%ve it as his opinion that the sequence of events in reaching for or stretching his arm in the attempt to retrieve the check from the IBM machine had the effect of reactivating the tubercular condition.
After considering the testimony of Dr. Cippes and that of Dr. Flipse, the deputy commissioner found that petitioner’s condition was an aggravation or acceleration of a disability which resulted from the tearing of adhesions in his chest following the reaching or stretching movement to retrieve the check January 8, 1948, all of which amounted to an unexpected accident arising out of and in the course of his employment and was causally related to it. He awarded petitioner temporary total disability, attorney’s fees, past and future medical expenses and the cost of Dr. Flipse’s deposition.
The full commission reversed the judgment of the deputy commissioner on the theory that there was “not one iota of evidence indicating that claimant sustained adhesions” and that the suggestion that the tuberculosis was reactivated by tearing adhesions in the chest following the stretching or reaching movement of the left arm was the mere speculation, conjecture or conclusion of petitioner’s doctor unsupported by any testimony. Arkin Construction Co. v. Simpkins, Fla.1957, 99 So.2d 557, was relied on to support the full commission’s finding.
It is settled in this jurisdiction that the credibility of the witnesses and all conflicts in the testimony must be resolved by the deputy commissioner. The full commission may review findings of fact made by the deputy commissioner but its function is limited to determining whether or not such findings are supported by competent substantial evidence. The full commission cannot substitute its judgment for that of the deputy commissioner. The same rule governs this court. United States Casualty Company v. Maryland Casualty Co., Fla.1951, 55 So.2d 741.
In Arkin Construction Co. v. Simpkins, supra, we held that medical testimony in workmen’s compensation cases is subject to the substantial evidence rule and though the petitioner does not have the burden of proving his claim by a preponderance of the evidence, he is not entitled to recover on mere conjecture and speculation. The petitioner must clearly establish by the evidence the causal connection between his employment and the injury. The use of expert testimony based on conclusions or opinions or on facts or inferences not supported by the evidence has no probative value. In other words, a conclusion must have evidence to support *35 it. The doctrine of the Arkin case is applicable to the case at bar.
An examination of the evidence reveals insufficient support for the existence of adhesions or the finding of the deputy commissioner on this point. Dr. Cippes testified that the adhesions usually show up on x-rays if the patient receives the treatment for tuberculosis which petitioner did in this case when he first contracted the disease thirty years ago. Failure to establish the existence of adhesions and the causal connection between petitioner’s injury and his illness renders the opinion of Dr. Flipse mere speculation because based upon an assumption of a fact which was not proven.
Evidence to sustain the findings of the deputy commissioner must be competent and substantial and consistent with logic and reason. United States Casualty Co. v. Maryland Casualty Co., supra. Both Dr. Flipse and Dr. Cippes agreed that the chronic empyema from which petitioner suffers could have been reactivated by some other disease like influenza, pneumonia or other virus. The record shows that the initial diagnosis made when petitioner entered the hospital on January 9, 1958, was pleurisy and the final diagnosis was pneumonia. X-rays taken at that time also showed calcified bursitis in the left shoulder. As found by the commission it would be more in keeping with logic and reason to find that the pain experienced was a result of a combination of the bursitis, pleurisy and the resultant reactivation of petitioner’s latent tubercular condition.
It is accordingly our opinion that the judgment of the deputy commissioner was not supported by competent and substantial evidence consistent with logic and reason, and that the judgment of the full commission reversing the deputy commissioner is correct. The petition for certiorari is denied.
THOMAS, C. J., and HOBSON, ROBERTS and THORNAL, JJ., concur.