142 So.2d 74 (1962)
R.E. WEST and Auto-Owners Insurance Company, Petitioners,
v.
Lee SAMPSON, Perry McGee, and the Florida Industrial Commission, Respondents.
No. 31547.
Supreme Court of Florida.
June 6, 1962.
*75 Monroe E. McDonald (of Sanders, McEwan, Schwarz & Mims), Orlando, for petitioners.
Berson, Barnes & Inman, Jack C. Inman, Orlando, Burnis T. Coleman and Patrick H. Mears, Tallahassee, for respondents.
O'CONNELL, Justice.
Claimant, Lee Sampson, sustained a compensable injury while installing a roof on a house being constructed by R.E. West. Claimant was in the employ of Perry McGee, a roofing contractor, who had contracted with West to install the roof.
McGee, who carried no compensation insurance, voluntarily paid compensation and furnished medical treatment for a period of time, after which this claim for compensation and medical benefits was filed against both West and McGee.
At the first hearing claimant took the position that McGee employed three or more employees and therefore was included under the Workmen's Compensation Act. He also contended that if it should appear that McGee carried no compensation insurance and was unable to pay benefits to the claimant, then West, as a general contractor, was responsible to furnish benefits under the provisions of Sec. 440.10(1), F.S.A., the pertinent portion of which reads as follows:
"* * * In case a contractor sublets any part or parts of his contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment, and the contractor shall be liable for and shall secure the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment."
It should be noted here that West, who held a license as a general contractor in *76 Orange County and who had at times done construction work as a general contractor, carried a policy of compensation insurance applicable to his activities as a general contractor.
At the first hearing before the deputy in this matter West was not present, nor was he represented by counsel, although counsel for his insurance carrier was present. At this hearing counsel for West's carrier, counsel for McGee and counsel for claimant stipulated, among other things, that McGee was a subcontractor doing work for West and that West was the general contractor building the house in the construction of which claimant suffered a compensable injury.
At this hearing claimant testified, as did McGee. McGee testified that he did not regularly employ as many as three employees and claimant's testimony on this point tended to support rather than to conflict with McGee's testimony. West's carrier took the position that West had "no employees on his payroll at the time the accident occurred."
At the conclusion of this hearing there was discussion off the record in which it appears that the deputy indicated another hearing would be necessary to determine the claimant's average weekly wage. It also appears that the deputy was in doubt as to West's liability under Sec. 440.10(1), supra, for he asked counsel to submit briefs on the question within ten days.
Prior to the expiration of the aforementioned ten day period, West's carrier filed a motion for leave to present additional testimony on the subject of West's liability under Sec. 440.10(1). This motion recited that the deputy had made no decision as to West's liability and that additional facts were needed to enable the deputy to decide the question. As shown below the carrier actually was seeking to be relieved of the stipulation in which it had agreed that West was the general contractor in the subject construction.
At the beginning of the next hearing the deputy took up the carrier's motion for leave to present additional testimony. A proffer of such additional testimony was made after which the deputy allowed West to testify over claimant's objection.
Following this hearing the deputy entered an order in which he found that (1) claimant was an employee of McGee, a roofing contractor; (2) McGee was exempt from the requirements of the Act because he customarily carried less than three employees; (3) McGee was an independent contractor; and (4) that in the building of the subject house West was a primary employer or owner-builder and not a contractor. The deputy then dismissed the claim against both West and McGee.
Claimant sought review by the full commission contending that the deputy had erred in (1) allowing West to offer evidence to rebut the stipulation in which it was agreed that he was a contractor; (2) finding West to be a primary employer rather than a contractor; and (3) finding McGee to be exempt from the requirements of the Act.
In its order reversing the deputy the commission did not specifically discuss and decide questions (1) and (3) set forth in the preceding paragraph, basing its decision on a finding that West was a contractor under Sec. 440.10, F.S.A., and therefore holding him to be liable to furnish benefits to claimant.
We will first consider the question of whether West was an employer or contractor.
The principal evidence as to West's status as a contractor or primary employer is found in his own testimony. West testified that a partnership composed of himself and a corporation, in which he had no interest, owned the subdivision in which the house involved here was being constructed; West built houses on lots in the subdivision on a speculative basis for later sale; when he determined to build such *77 a house the corporation deeded its half interest in a lot to West so that title to the lot was in his name alone; he then contracted with others to do all work necessary to the construction of the house; he had no employees; the corporation had nothing whatsoever to do with the construction; when he sold the completed house he paid the corporation for one half of the price of the lot; and that he executed no written agreement or evidence of indebtedness to the corporation in exchange for its deed to its one-half interest in the lot, but it was understood that he would build a house thereon and sell it, at which time he would pay the corporation for one half of the value of the lot.
West testified that this procedure was followed in the instant case and when the house was completed the property was sold; but, because the purchaser could not keep up the mortgage payments, he was relieved of the sale and the title transferred to the corporation, with the understanding that when the house was sold again the corporation and West would divide the proceeds.
This testimony was not disputed. The deputy found it to be fact. Relying upon it he found that West was an "owner-contractor and he had no primary obligation under any contract which he was passing on to Perry McGee" and therefore West was not a "contractor" within the meaning of Sec. 440.10, supra.
On reveiw the commission reversed on this point, saying West's testimony that "there was an understanding" that he would build a house on the lot in question compelled the conclusion that there was at least an implied contract to build the house, and therefore West was a contractor under the purview of Sec. 440.10, supra. The commission remanded the cause to the deputy for further proceedings in order to determine the benefits due claimant.
The issue immediately arises as to whether the commission abused its function and authority in making an independent finding of fact that West was a contractor rather than restricting itself to determining whether or not there was substantial competent evidence to support the order of the deputy and whether he had properly applied the law in reaching the result reached.
West and his carrier say that the commission made an independent finding of fact which it had no authority to do, whereas the claimant argues that it only made a finding of ultimate fact which it had the right to do.
We have repeatedly held that:
"* * * The full commission may review findings of fact made by the deputy commissioner but its function is limited to determining whether or not such findings are supported by competent substantial evidence. The full commission cannot substitute its judgment for that of the deputy commissioner. * * *" Calvert v. Coral Gables First National Bank, Fla. 1960, 119 So.2d 33, 34.
In White v. C.H. Lyne Foundry & Machine Co., Fla. 1954, 74 So.2d 538, 541, we said:
"* * * It is settled law that the Industrial Commission should not reverse the findings of fact made by a Deputy Commissioner unless it appears that those findings are clearly erroneous, in that they are not supported by the evidence. * * *"
We said essentially the same thing in numerous other cases.
In the instant case the commission did not determine that there was no competent substantial evidence to support the deputy's order or the findings of fact therein contained. It simply drew from the established facts a different conclusion as to West's status from that arrived at by the deputy.
*78 In the absence of it being shown that the deputy misapplied applicable law in reaching his conclusion, or stated another way, that the applicable law required a different conclusion on the facts found by the deputy, the commission is without authority to do what it did here.
The case of Adams v. Wagner, Fla. 1961, 129 So.2d 129, is comparable to the case now before us. In that case the question in issue was whether a claimant was or was not an employee. The deputy held the claimant not to be an employee and the full commission, without determining whether the order was supported by competent substantial evidence, reversed the deputy, holding the claimant to be an employee.
After stating that it found competent substantial evidence in the record to support the findings in the order of the deputy, this Court said that as presented to the commission these findings of fact were conclusive. It noted that in that case, as in this one, the commission made no determination as to the competency or substantiality of the evidence. It said that the commission had no right to make its own findings for the reason that the probative value of the evidence was for the deputy to determine.
This Court then stated that the question of whether one was an employee is a question of fact to be determined by the deputy, and where the determination is supported by the evidence and correct principles of law are applied the findings cannot be disturbed.
Undoubtedly the question of whether a person is a contractor or primary employer is equally a question of fact to be determined by the deputy.
In this case the deputy determined on the facts found by him that West was not a contractor but was a primary employer. The commission did not rule that the determination of the deputy was not supported by competent substantial evidence; it merely arrived at a different conclusion from the same facts. In the absence of a misapplication of law, the commission was bound by the deputy's conclusion.
The deputy's finding was supported by competent substantial evidence and it does not appear that any applicable rule of law was misapplied.
We know of no rule of law which applied to the facts in this case would compel a conclusion that the "understanding" under which the corporation transferred its half interest in the lot constituted a construction contract and transformed West into a contractor. This "understanding" related to the conditions under which West would pay the corporation for its interest in the lot. The evidence clearly reveals that West was building the house for his own purposes for sale to an unknown person and that the corporation had no interest in or control over the project, except as to the payment to it for its interest in the lot. Its position would have been the same had it loaned West a sum of money with the "understanding" that it would be used in the construction of a house and the sum repaid when the house was sold.
In its order the commission cited Miami Roofing & Sheet Metal Co. v. Kindt, Fla. 1950, 48 So.2d 840 in support of its independent finding that West was a contractor.
The Kindt case is not comparable in facts or point of law. It decided, first, that a contractor is liable to secure compensation to the employees of his subcontractors, and if this has been done, directly or indirectly, the claimant's remedy under the Act is exclusive. Second, it decided that the mere fact that a person serving as general contractor on a project also owns the majority of the stock of the corporation which owns the land being improved does not result in a conclusion that the contractor and the owner corporation are one and the same entity so as to result in a conclusion that there is no contractor and no common employment *79 between subcontractors on the job.
We go then to the next question.
While the commission did not specifically discuss the issue of whether the deputy erred in allowing West to offer evidence to rebut the stipulation that he was acting as a general contractor in this case, it is inescapable that it did decide that the deputy properly admitted this evidence. This is so because the commission based its order of reversal on the evidence given by West on this point.
We think both the deputy and the commission were correct.
It was within the discretion of the deputy, under the facts of this case, to allow West to rebut, if he could, the stipulation made by West's carrier at a time when West was not present and the attorney for the carrier did not have the true facts as to West's status.
The deputy did not relieve West of the stipulation. He gave the stipulation the effect of establishing as a prima facie fact that West was a contractor. This relieved the claimant of the burden of proving the point and placed on West the burden of disproving it.
Under these circumstances we think the deputy's ruling was both fair and correct.
The last point involves the question of whether McGee was or was not exempt from the requirements of the Act.
Under the commission's order of reversal it was perhaps unnecessary for it to answer this question, but in view of our decision here it is necessary to settle the point.
The testimony of McGee was that he customarily employed less than three employees. The only other testimony on this point was that of the claimant. For the most part claimant's testimony tended to support McGee's evidence. In any event if there was any conflict in the testimony the deputy was authorized to resolve it.
We therefore conclude that there was competent substantial evidence to support the deputy's order that McGee was exempt under the Act.
For the reasons above expressed the order of the full commission is quashed and this cause remanded to it with directions to reinstate the order of the deputy commissioner.
THOMAS, Acting C.J., DREW and THORNAL, JJ., and TAYLOR, Circuit Judge, concur.