WARREN, LAMAR, Circuit Judge.
The St. Francis Hospital and its compensation insurance carrier petition for writ of certiorari reversing the order of the Florida Industrial Commission, which upheld the order of its deputy commissioner.
This matter was previously before the court in the case of Feinberg v. St. Francis Hospital, Fla., 149 So.2d 541, when the order of the full commission was quashed and the order of the deputy commissioner reinstated, in which the claim had been found compensable and temporary total disability compensation had been granted.
A hearing on further remedial treatment followed and the deputy commissioner found that the claimant had reached maximum medical improvement and had a ten per cent permanent partial disability of the body as a whole; and his order required payment of compensation, expert witness fees, attorney’s fees, and medical and drug bills.
Claim was thereafter made for additional compensation for temporary total disability, medical treatment, hospitalization and other benefits, it being related in one of claimant’s claim letters that she had had a recurrence of her thrombophlebetic condition but, because of the refusal of St. Francis Hospital and its doctors to treat her, she had been forced to obtain medical treatment from a Dr. Klein, who recommended she be admitted to a hospital. A hearing on the claim resulted in an order which found that the claimant was temporarily totally disabled, and ordered the employer and its carrier to pay temporary total disability compensation, to provide remedial care and treatment, including hospitalization at Miami Heart Institute and any surgery which might be necessary, to pay all outstanding medical and drug bills, and to pay temporary attorney’s fees, transportation expenses, and costs.
The first point on review questions the correctness of the finding of an attorney’s fee for claimant’s attorney and the award of temporary attorney’s fees, and questions the direction to pay claimant’s transportation expenses. No testimony or evidence was received in regard to the reasonableness of the fee awarded. In Florida Silica Sand Co. v. Parker, Fla., 118 So.2d 2, it was said, “[I]t remains the burden of the claimant to establish the circumstances that justify the award, as well as to prove the reasonableness of the fee to be awarded.” Also, see Le Forgeais v. Erwin-Newman Company, Fla., 139 So.2d 401. An attorney’s fee should be determined and awarded in a lump sum. F.S., § 440.34 F.S.A., Matera v. Gautier, Fla., *755 133 So.2d 732. As to the award of transportation expenses, the deputy commissioner’s order provided that such expenses were “to be ascertained by providing sworn statements of expenditures resulting from her treatment.” No claim, however, for such reimbursement has been asserted by the claimant and no testimony is in the record of her expenditures. This court stated in Mobley v. Jack & Son Plumbing, Fla., 170 So.2d 41, 47, that “[U]nless the parties in workmen’s compensation proceedings stipulate on a mileage rate, the reasonable actual cost of such travel expenses will have to be proved just as any other factual issue.” Both of these awards are reversed, with directions to the deputy commissioner to receive proper proof of the same.
The second point asks if there was error in directing a change in medical treatment and reimbursement of the claimant for treatments that the claimant obtained without authorization. The part of this point dealing with change in medical treatment will be considered under the third question.
In his compensation order the deputy commissioner, as a predicate for ordering the employer and carrier to pay all outstanding medical and drug bills, found “that the employer and carrier failed to file a notice to controvert the claimant’s claim to medical treatment after they knew the claimant was being treated after her discharge by the hospital physician, notwithstanding the failure of the claimant’s physicians to file the reports required by the statute [§ 440.13, F.S.]; * * *. Accordingly, claimant is entitled to have her medical bills paid by the employer and carrier, * * The order fails to find good cause, as required by the statute, to excuse the failure to file the reports; the record fails to show good cause. An omission to file a notice of controversy does not constitute a default upon which a claim proceeds ex parte. Virginian, Inc. v. Ponder, Fla., 72 So.2d 781. The claimant shared with the physicians the responsibility to file the reports. Hood’s Dairy v. Severino, Fla., 178 So.2d 588. Refusal of the employer to furnish medical services is not good cause. Strickland v. Al Landers Dump Trucks, Inc., Fla., 170 So.2d 445. The claimant had the burden to show good cause. Corporate Group Service, Inc. v. Lymberis, Fla., 146 So.2d 745. The carrier had no burden to discover who was treating the claimant and then insure that the physician file his reports. Oolite Concrete Company v. Carver, Fla., 145 So.2d 733. The order to pay all outstanding medical bills and drug bills is reversed.
The third point asks in effect if there was competent, substantial evidence to support the finding of fact of the deputy commissioner. The full commission affirmed the deputy’s order in accordance with the holding in U. S. Casualty Co. v. Maryland Casualty Co., Fla., 55 So.2d 741, that the deputy commissioner’s findings of fact should be upheld unless it is made to appear that those findings are not sustained by competent, substantial evidence.
The deputy commissioner found, with other findings, that the hospital-employer failed to provide the claimant with remedial care and treatment as the nature of her injuries and the process of recovery required, the claimant having “requested and attempted to obtain approval for treatment and hospitalization and was either neglected or refused by the employer-carrier.” The order further recited that, “It is apparent that an antagonistic atmosphere has arisen between the parties resulting from the nature of the relationship involved and this condition has impeded the treatment and rehabilitation of the claimant. This situation was fostered by the split-liability provisions of the insurance contract between the carrier and the employer whereby the carrier provides payments for compensation and the employer provides remedial treatment. This type of contract is conducive to strained relationships between the employee who is receiving remedial treatment and the hospital-employer who is providing same and has resulted in this *756 case in the claimant’s becoming a prisoner of the hospital without the ability to obtain outside medical and hospitalization which might otherwise have resulted in her recovery and rehabilitation. * * * This appears to be a case where the claimant out of necessity sought outside medical care and attention which was a natural outgrowth of the way treatment was afforded to her by the hospital-employer. Considering the personal interest of the hospital and the statements made to her by the hospital physician and staff the claimant drew the only conclusion possible and sought outside help and the hospital by its attitude toward the claimant opened this pathway to the claimant.”
It does not appear necessary to detail the extensive testimony that the deputy commissioner had before him to make his finding that the hospital-employer failed to provide the claimant with proper remedial care and treatment, or to arrive at his conclusion to order a change in medical treatment under § 440.13(2), other than to say that the claimant’s evidence fairly consisted of refusals to see her, telephone calls without response, dissatisfaction with her treatment at the hospital, a statement to her that she was getting to be an expense, interference with her treatment, and apprehension about returning to the hospital; on the other hand, he heard testimony of claimant’s excessive smoking and eating, lack of cooperation, good care by the hospital, opportunity to her to return for treatment, and lack of prejudice toward her.
Clearly, the case of Calvert v. Coral Gables First National Bank, Fla., 119 So.2d 33, is in point, wherein it was stated, “It is settled in this jurisdiction that the credibility of the witnesses and all conflicts in the testimony must be resolved by the deputy commissioner. The full commission may review findings of fact made by the deputy commissioner but its function is limited to determining whether or not such findings are supported by competent substantial evidence. The full commission cannot substitute its judgment for that of the deputy commissioner. The same rule governs this court.” While the findings of the deputy commissioner are not disapproved as unsupported by the evidence, the critical observations by him of the insurance contract are not necessarily approved. As for directing a change in medical treatment, the facts met the conditions of the statute, supra.
The last point substantially asks if the order was adequate in that it was largely a recital of the evidence, and failed to make adequate findings of fact. A close examination of the order reveals that the deputy commissioner under the requirements of this case sufficiently evaluated the testimony and set forth the basis for his rejection and acceptance of the evidence. Crosby v. Tampa Electric Company, Fla., 142 So.2d 722.
Accordingly, the petition for writ of certiorari is granted and the order of the commission is affirmed in part and quashed in part.
THORNAL, C. J., and O’CONNELL, CALDWELL and ERVIN, JJ., concur.