CASE 109—ACTION BY W. E. MATTHEWS AGAINST ILLINOIS CENTRAL RY. CO. TO RECOVER DAMAGES FOR BAGGAGE INJURED.—FEB. 25.

# Illinois Central Ry. Co. v. Matthews.

APPEAL FROM HICKMAN CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.    REVERSED.

CARRIERS—WHAT CONSTITUTES BAGGAGE—ACTION FOR DAMAGES—PARTIES.

Held:   1. Under Kentucky Statutes, section 783, providing that every company shall check every parcel of "baggage" taken for transportation, a company is only liable as a carrier for what the passenger takes with him for his own personal use and convenience, unless the company by contract, express or implied, has accepted other articles as baggage.

2. The paying of overweight charges on baggage is not of itself such notice to the company that the trunk contains merchandise, or other articles than the passenger's ordinary baggage, as will render the company liable as a carrier for such articles.

3. Where a traveler is not the owner of goods which he checks as baggage, but is liable to such owner for any loss or damage to them, he may be treated as their owner for the purposes of an action against the carrier for damage to such goods in its hands.

PIRTLE & TRABUE AND J. M. DICKINSON, FOR APPELLANT.

POINTS AND AUTHORITIES.

1. Irrespective of the instructions, plaintiff's case is refuted by admissions in his reply, and by his own testimony that he shipped the merchandise of other persons as his personal baggage.

2. A passenger can not carry other persons' property as baggage. Dunlap v. I. S. Co., 98 Mass., 371; Miss. Cen. R. Co. v. Kennedy, 41 Miss., 671; Pettigrew v. Barnum, 11 Md., 449; Doyle v. Kiser, 6 Ind., 242; Pardee v. Drew, 25 Wend., 460.

Merchandise is not baggage, except sometimes drummers' samples. Humphreys v. Perry, 148 U. S., 647.

The authorities established that a passenger has no right to carry other peoples' goods at the risk of the carrier. If others desire their goods carried they must pay for them in the usual way. Dunlap v. I. S. Co., 98 Miss., 371; Miss. Cen. R. Co. v. Kennedy, 41 Miss., 671; Pettigrew v. Barnum, 11 Md., 449; Doyle v. Kiser, 6 Ind., 242; Pardee v. Drew, 25 Wend., 460.

If the case of a drummer with samples were accepted as an exception to this rule, this case would not be within the exception for merchandise of other persons can not by a passenger be carried for sale by intermingling with the same goods some samples. We, therefore, respectfully ask a reversal.

J. W. BENNETT, ATTORNEY FOR APPELLEES.

It is contended by appellees that the defendant, Illinois Central Railroad Company, as established by the evidence, received the trunks and goods and instruments of plaintiffs, which are sued for in this action, at Martin, Tennessee, and for pay agreed to transport them to Clinton, Kentucky, and that after defendant had taken charge of said trunks and goods and loaded them on its car at Martin, Tennessee, it was the duty of defendant to take care of said trunks and goods and deliver them at place of destination, to-wit, Clinton, Kentucky, but on account of the negligence and carelessness of defendant's agents and servants said trunks and goods were put off of the car at Fulton, Kentucky, and left there in the rain all night, and until 8 or 9 o'clock next morning, and by so doing the defendant is responsible to plaintiffs for all damage done to trunks and goods. The defendant does not offer any excuse for putting the trunks and goods off of its car at Fulton, Kentucky, and leaving them out in the rain all night, but if the evidence shows it to be on account of the gross negligence and carelessness of defendant's agents and servants, then defendant must pay plaintiffs for damage done to trunks and goods on account of such negligence and carelessness.

Defendant contends that because the plaintiff, W. E. Matthews, was a drummer, and his trunks contained samples of merchandise which were checked as baggage; that it is not liable for damage done to goods unless defendant had knowledge as to the kind of goods the trunks contained.

Illinois Central Ry. Co. v. Matthews.

The evidence shows that the defendant's agent who checked and handled these trunks at Martin, Tennessee, when he took hold of them and lifted them asked the plaintiff, W. E. Matthews, what was in the trunks that made them so heavy, and that said Matthews told him there were dental goods and instruments in the trunks. The witness for defendant, the defendant's agent at Martin, Tennessee, says that it is the custom of defendant to ship drummers' trunks containing samples of merchandise as baggage, whether the drummer has one trunk or a dozen, and charge for the extra weight of trunks.

If the evidence shows that plaintiff, W. E. Matthews, informed defendant's agent what was in the trunks; it shows that it is the custom of defendant to ship drummers' trunks containing merchandise, and charge for the extra weight of trunks, and that said W. E. Matthews paid for the extra weight of his trunks as other drummers were required to do, and that he was only a drummer, then the court did right in refusing to give instruction "A," which was offered by defendant; defendant has nothing of which to complain.

Wherefore the appellees earnestly ask this court to affirm the judgment of the lower court in this case.

OPINION OF THE COURT BY JUDGE O'REAR—REVERSING.

Appellee was a traveling salesman or drummer for certain wholesale dealers in dental instruments. He bought a ticket and took passage on one of appellant's trains, and had his trunk checked for transmission by that train to his point of destination. The trunk was heavier than was allowed as free baggage to one passenger, and appellee was required and did pay 60 cents extra as overweight charges. The trunk contained about $1,700 worth of dental goods— steel instruments, presumably. These goods were used not only as samples by which other goods of a like quality were sold for future shipment, but they were sold from the stock in custody of appellee, and then delivered by him to the customers, if they so desired. The goods belonged to appellee's employers, the wholesalers. While the trunk was in appellant's possession, it got wet and the instruments were damaged by rust, it is claimed, to the extent of about

$500. There was evidence for appellee that when the trunk
was being loaded on the train, the person handling it
(whether a porter, roustabout, or baggage master, or wheth-
er connected with the railroad, he did not know) remarked
as to its extraordinary weight, and that appellee replied
that it contained dental instruments. For appellant, its
baggage master at the station at which the trunk was
checked and shipped testified that he was in sole charge of
the checking of baggage at that station, and that he was
not apprised of the nature of the contents of the trunk; but
that it was customary with that road to ship drummers'
sample trunks as baggage. The cause of the damage, and
the extent of it, do not seem to be controverted by the proof.
On this state of case, the court gave the jury the follow-
ing instructions: "No. 1. The court instructs the jury that
if they believe from the evidence the defendant, while the
plaintiff's trunks were in its custody, left them exposed to
rain, and that said trunks or contents became wet, and
thereby damaged, they should find for the plaintiffs the
actual damages which said trunks or merchandise therein
sustained by reason of such injury, not exceeding the sum
set out therefor in the petition. No. 2. If the jury believe
from the evidence the plaintiff's trunk, while in the custody
and care of the defendant, was bursted or torn in handling,
through the negligence or carelessness of the defendant's
agents or servants, and that it was thereby damaged, they
will find for the plaintiffs such damages as they sustained
for this injury to their trunks, not exceeding the sum
claimed therefor in the petition." Appellant asked for this
instruction, which was refused: "The court instructs the
jury that if they believe from the evidence that the trunks
shipped by plaintiff contained merchandise which he was
carrying for sale, and said merchandise was checked as

baggage on the passenger cars by defendant, and at the time of said shipment plaintiff failed to make known to the agent of defendant who checked said baggage, or other agent authorized to ship and have said baggage checked and shipped on its passenger trains, the law is for the defendant, and the jury should so find." From a verdict and judgment in favor of appellee for $531.50 damages, this appeal is prosecuted.

The first instruction given to the jury assumes as a matter of law that the common carrier is accountable, under its liability as carrier, for all damage to the contents of trunks shipped as baggage, without reference to the nature or ownership of such contents, and regardless of the carrier's knowledge or notice or agreement as to such contents. The second instruction is not questioned on this appeal. The only legislation in this State on the subject of baggage is that found in section 783, Kentucky Statutes, as follows: "Every company shall furnish sufficient accommodation for the transportation of all such passengers and property as shall, within a reasonable time previous thereto, offer, or be offered, for transportation, at places established by the corporation for receiving and discharging passengers and freight, and shall, when requested, check every parcel of baggage taken for transportation, if there is a handle, loop, or fixture, so that the same can be attached, and shall give to the person delivering such baggage a check for the same." We are thus left to determine what is meant by the term "baggage" by reference to the common law. A very considerable number of adjudications have been rendered on this subject, as might naturally be expected. From them it may be stated that the word "baggage," as used in the connection under discussion, refers only to what the passenger takes with him for his own personal use and convenience, and

which he has committed to the care of the carrier. Gener-
ally, the articles allowed as baggage to accompany the pas-
senger, and which the carrier is bound to transmit as an
insurer, are the personal apparel of the passenger, but they
may include a number of other articles, which may not
unreasonably be designed for his pleasure, business, or con-
venience upon the journey which he is prosecuting. "In a
general sense, it may be said to include such articles as it
is usual for persons traveling to take with them for their
pleasure, convenience, and comfort, according to the habits
and wants of the class to which they belong." Oakes v.
N. P. R. R. Co., 20 Or., 392, 26 Pac., 230, 12 L. R. A., 318,
23 Am. St. Rep., 126. Story on Bailments, section 499, thus
states it: "By 'baggage' we are to understand such articles
of necessity or personal convenience as are usually carried
by passengers for their personal use; and not merchandise
or other valuables, although carried in the trunks of pas-
sengers, which are not designed for any such use, but for
other purposes, such as sale or the like." Bomar v. Maxwell,
9 Humph., 624, 51 Am. Dec., 682; Macrow v. Great Western
Ry. Co., L. R., 6 Q. B., 612. Rorer on Railroads, 988, states
it this way: "It is difficult to enumerate the articles that
may be included, in each particular case, in the term 'bag-
gage.' This depends much on the condition, habits, and cir-
cumstances of life of the passenger. Ordinarily, it includes
a trunk or trunks, with the necessary wearing apparel for
both comfort and dress suitable to the condition in life of
the person; . . . but not money in larger amount than
for necessary expenses, nor articles of merchandise, or of
virtu. . . ." As, ordinarily, only the wearing apparel
and similar kindred articles are included in the personal
baggage of the traveler, the carrier knows the probable ex-
tent of his liability in the event of the loss or damage of the

baggage, and may reasonably be presumed to have regu-
lated his charges and provided means for its safe-keeping
proportioned to that liability. If, on the other hand, the
passenger might include in his parcel valuable jewels, not
properly classed as baggage, or plate, or merchandise, bonds,
or money, of many thousands of dollars in value, and the
carrier made liable for its loss without knowledge or notice
of its extraordinary value, he is compelled to assume a re-
sponsibility for which he has not been paid in fact, and
without an opportunity to provide that extraordinary care
and attention which, by common prudence, would be due to
such a valuable charge. Baggage, to a certain reasonable
limit, and belonging to a passenger, is carried free, as an
incident of the passenger's contract for passage. The com-
mon-law definition of baggage forms a part of the carrier's
undertaking as though expressly stated and assented to
at the time of the passage. The parties may, of course, vary
this contract by agreement. If the carrier elects to receive
and transport that as baggage which in fact is freight, and
which it would have the right to refuse to take as baggage on
its passenger trains, it ought to be liable therefor upon the
same terms as if it were baggage. But this is not because
of its common-law liability therefor, but because it has
agreed by special contract for a consideration to be so
bound. The elements of such a contract are sufficiently sat-
isfied by an acceptance of the package or trunk by the car-
rier for transportation as baggage, with knowledge of its
contents. Hutchinson on Carriers, sec. 685 (1st Ed.);
Texas, etc., R. R. Co. v. Capps, 2 Willson, Civ. Cas. Ct. App.,
sec. 33; Jacobs v. Tutt (C. C.) 33 Fed., 412; Central Trust
Co. of New York v. Wabash, St. L. & P. Ry. Co. (C. C.)
39 Fed., 417; Humphreys v. Perry, 148 U. S., 627, 13 Sup.

Ct., 711, 37 L. Ed., 587. The fact that the passenger paid
for the extra weight of the trunk does not vary the rule;
for, if the trunk or trunks contained enough of those ar-
ticles clearly entitled to be classed as personal baggage of
the passenger as to be over the weight allowed, and reason-
ably allowable, to each passenger for free carriage, he would
have to pay a just compensation for its being carried. This
fact alone is not notice that the package contains anything
besides the usual articles entitled to be taken as personal
baggage, the nature and probable value of which are gener-
ally well known. The carrier might refuse to carry on its
passenger train articles not properly baggage. It could not
be required to carry freight on passenger trains. Delivering
to the carrier a trunk or closed package, ostensibly ordinary
baggage, without a statement as to its contents, is equiva-
lent to a representation by the passenger that it belongs to
him, and contains only such articles as are properly classed
as personal baggage. Haines v. Chicago, etc., Ry., 29 Minn.,
160, 12 N. W., 447, 43 Am. Rep., 199; Michigan Central
R. R. Co. v. Carrow, 73 Ill., 348, 24 Am. Rep., 248. If it
contains other articles, and the carrier is not informed of
the fact, it is a deception upon the carrier as to such articles,
and as to such they are not covered by the carrier's con-
tract. Story on Bailments (9th Ed.) sec. 565. In the event
of loss of or damage to such articles while in the carrier's
possession, without notice of their character when received
and checked as baggage, or without a special agreement with
reference thereto, it is not liable, except as in a case of a
bailee without hire. But notice in terms of the contents of
the trunks is not required. It is sufficient if, from all the
circumstances of the case, the jury may reasonably infer
that the carrier's agent charged with the duty of receiving
and checking baggage over its lines knew of the extraordin-

ary contents of the package when he received it and checked it as baggage for the passenger; that is, knew that they contained merchandise or other articles than the traveler's wearing apparel. Sloman v. Great Western Ry. Co., 67 N. Y., 208; Brown v. Camden, etc., Ry. Co., 83 Pa., 316.

While it is true that a carrier can not be made liable for the goods of another than the passenger or a member of his family traveling with him, which may be included in the passenger's baggage, yet the facts in this case tend to show that, although the goods belonged to the wholesale merchants, by an agreement between them and appellee, he had such an interest in them, by reason of his being responsible to them for their loss or damage and required to replace them in such event, that they may fairly be treated as his for the purposes of this action. The damage fell upon him. They were being carried for him. He was the passenger. We therefore conclude that the court erred in assuming appellant's liability for the damage to the dental instruments shipped as baggage.

The judgment is reversed, and cause remanded for a new trial under proceedings consistent herewith.