Atlantic Coast Line Railroad Co. v. Campen Brothers
Company.

154 So. 131.
Division A.
Opinion Filed April 2, 1934.

*Doggett & Doggett,* for Petitioner;

*John F. Hall* and *George E. Turner,* for respondent.

TERRELL, J.—At the time this cause of action accrued R. L. Taylor was a traveling salesman for Printz-Beiderman Company, and his wife, Mae F. Taylor, was a traveling saleswoman for the Campen Brothers Company. In December, 1927, R. L. Taylor went to the baggage room of the petitioner in Jacksonville, handed the agent his scrip book, and instructed him to check three sample trunks, designating them to Gainesville and to let them go out that night. He did not indicate to whom the trunks belonged so the natural presumption was that they were his. Taylor's instructions were complied with and the amount of the excess baggage required for transportation was extracted from his scrip book. Taylor and his wife proceeded to Gainesville the following day by bus and on reaching there found that the trunks had arrived as per schedule, but had been left on a truck outside the baggage room and the contents of two of them being dress goods, owned by respondent and used by Mrs. Taylor as samples, had been badly damaged by a heavy rain that had fallen in the meantime.

A common law action brought by respondent as plaintiff in the Civil Court of Record for Duval County resulted in a judgment for $1,216.00 damages against petitioner as defendant. This judgment was affirmed on appeal to the Circuit Court and is brought here for review on certiorari.

It is urged that the judgment below was contrary to the essential requirements of the law because, (1) The declaration sounded on a contract between respondent and petitioner, as a common carrier of passengers and baggage

for hire, while all the proof shows that no such contract existed, but that if in fact such a contract was made, it was made between petitioner and R. L. Taylor, and (2) The trial court in his charge to the jury in effect instructed a verdict for respondent and thereby withdrew from them their prerogative to consider and weigh the evidence and make up their verdict from that.

The declaration is unquestionably predicated on a contract between respondent and petitioner as a common carrier of passengers and baggage for hire, and not on a contract of affreightment as contended by respondent. The contents of the declaration and the testimony show that the parties to the alleged contract so considered it at the time it was entered into. It is a fact, however, that Mrs. Taylor, the agent of the respondent, was not present when the trunks were checked and while it is now shown that they were the property of respondent, it is not shown that at the time of checking relator was advised that respondent had any connection with or claim on them.

Baggage is generally limited to such articles as are necessary to the personal convenience and comfort of the passenger during his trip. Adger v. Blue Ridge Ry., 71 S. C. 213, 50 S. E. 783, 110 A. S. R. 568. But if a carrier with notice and without objection receives and transports as baggage, sample trunks and articles which are not properly such, it will be liable to the owner for them as baggage. Illinois Cent. R. Co. v. Matthews, 114 Ky. 973, 72 S. W. 302, 102 A. S. R. 316; Brick v. Atlantic Coast Line R. Co., 145 N. C. 203, 38 S. E. 1073.

The last cited case holds that baggage carried must be personal to the passenger and if this is not the case it is a fraud on the carrier unless that fact is made known to it. If not made known there is no contract and the liability of the carrier is that of a gratuitous bailee, responsible only

for gross negligence or willful injury, but if made known and accepted for carriage, a contract is created and the carrier becomes responsible as an insurer of the baggage. This seems to be the reasonable rule, but may not apply where husband and wife or the family are traveling together and articles belonging to all are in the same trunk.

In the instant case the husband and wife were traveling together, but they represented different companies and while the evidence shows that the petitioner knew the trunks were sample trunks and contained more than personal baggage, it is in conflict as to whether it (petitioner) was advised at the time the trunks were checked that the Taylors expected to proceed to Gainesville the following day by bus. It is contended that the rules of relator prohibited checking baggage if such was the case. The evidence shows that if a contract was entered into it was made between petitioner and R. L. Taylor and that respondent was not known thereto.

The authorities generally hold that goods or samples carried by traveling salesmen are not baggage, but if the carrier accepts them as such, with the knoweldge that they are offered for transportation as baggage, he thereby waives any objection on that ground and his liability therefor is the same as that with reference to baggage generally. Southern Ry. Co. v. Dinkins & Davidson Hardware Co., 139 Ga. 332, 77 S. E. 147, 43 L. R. A. (N. S.) 806.

Baggage carriage is always incident to the carriage of passengers and the consideration for carrying the passenger is likewise a consideration for a certain amount of free baggage transportation. In the shipment of ordinary freight a charge is made for that alone. In granting a certain amount of free baggage the carrier may make reasonable rules and regulations with reference thereto, so long as they are not in conflict with the duty of the carrier

to the public in relation to the same. In the instant case the Taylors got the advantage of the free baggage allowance incident to their personal carriage.

From the foregoing it follows that a common carrier is entitled to know the ownership and contents of goods of packages when checked as baggage and it is the duty of the one so checking to reveal that information, but if the carrier is in the habit of accepting promiscuously as baggage, sample trunks and other articles without reference to ownership or contents and accepting pay therefor, it may not be in position to complain as to such lack of knowledge. It is also the law that the acceptance of free baggage or the checking of baggage as such implies a passenger who intends to pursue the baggage on the train and claim it at destination.

If, therefore, the baggage in question was checked when the Taylors were not passengers on the train of petitioners or had no intention of becoming passengers in the immediate future, and they concealed this fact from it (petitioner), or if it is shown that the petitioner was deceived with reference to the ownership, contents or status thereof, they (respondents) should not be allowed recovery against relator as an insurer. Under the charge of the court the jury was not permitted to resolve these questions.

The trial court charged the jury as follows:

"Under the testimony in this case, your verdict must necessarily be for the plaintiff. The question of the amount of damages is for you gentlemen to determine from the testimony in the case. The liability of the railroad company has been established by the testimony, and the only thing remaining to be done, is for you gentlemen to assess the plaintiff's damages. Now the plaintiff is entitled to such damages in this case as will make them whole, that

is, as will compensate them in money for the injury to the dresses in the trunks * * *."

This charge amounted to the instruction of a verdict for respondent on the part of the court and deprived the jury of its prerogative to weigh the evidence and make up their verdict from that. It was theirs to determine whether or not deception had been practiced or whether or not the Taylors were or intended to become passengers on petitioner's road when they checked their trunks.

The judgment below must be and is hereby quashed.

DAVIS, C. J., and ELLIS, J., concur.

WHITFIELD, P. J., and BUFORD, J., concur in the opinion and judgment.