GEORGE VANLANDINGHAM and H. B. DUDLEY, as Administrators of the Estate of John L. (Jack) Vanlandingham, deceased, v. FLORIDA POWER & LIGHT COMPANY, a Florida corporation.

18 So. (2nd) 678                                          June Term, 1944
June 23, 1944                                                Division A
Rehearing denied July 25, 1944

*O. S. Miller,* for appellants.

*Earnest, Lewis & Smith,* for appellee.

ADAMS, J.:

This appeal brings for review a final judgment entered for defendant after sustaining a demurrer to plaintiff's declaration.

From the verbose declaration we gather these ultimate facts. Plaintiff's intestate, Vanlandingham, a young man about 25 years of age, was engaged as an electric lineman in the employ of R. H. Bouligny Inc., a corporation; that Bouligny Inc. was engaged under contract with Florida Power & Light Company, the defendant, to make certain repairs on their electric lines and pursuant to the fulfillment of such contract it became Vanlandingham's duty to climb the poles sustaining the electric wires and in so doing came in contact with an uninsulated ground wire and was killed. The gist of neglect charged to defendant is the exposed and uninsulated ground wire while it was charged with electric current. There were also charges of neglect to properly supervise, failure to furnish suitable tools and allowing deceased to overtax his physical capacity.

The challenge of defendant to the right of action is primarily that the Workmen's Compensation Act, Sec. 440.11, F.S. '41, F.S.A., defines and circumscribes the right of recovery and that such right is exclusive.

We must reject appellee's claim of the exclusiveness of the right of action under Sec. 440.11 because that section has reference to the extent of liability of the *employer*.

It is further urged that the action will not lie under Sec. 440.39, F.S. '41, F.S.A., against defendant as a third party because the deceased left no dependents, hence there was no person entitled to such compensation who might sue.

It is claimed that by implication this section repeals our wrongful death statute. With this we do not agree. Where these is no relationship of employer and employee the Workmen's Compensation Act does not come into play. Our wrongful death statute has been on the statute books many years and is as firmly established as if it were a part of our common law. While the Legislature had the authority to repeal it we cannot say any such intention was shown. Great stress is laid on the claim that since deceased left no dependents there could be no "person entitled to compensation" (Sec. 440.39, supra) hence there was no person authorized to sue. This section does not limit the right of action or otherwise affect the amount of recovery in so far as the

third party is concerned. See State ex rel. v. Lewis, et al., 125 Fla. 816, 170 So. 306; Hartquist v. Tamiami Trail Tours, Inc., 139 Fla. 328, 190 So. 533. Where the relationship of employer and employee exists under our Workmen's Compensation Act it is a form of voluntary contract sanctioned by this law. This is so inasmuch as either may elect not to come under the Act, Sec. 440.05, F.S. '41, F.S.A. It would be unreasonable to say that an employee had jeopardized a cause of action which he might have against a third party who was not a party to the contract between the employee and his employer.

The second question relates to the duty of care which the defendant, Florida Power & Light Company, owed to deceased, an employee of the defendant's independent contractor. To answer this we must first ascertain the relationship of the several parties. The deceased is alleged to have been employed by R. H. Bouligny Inc.; that the latter was under contract with defendant to rebuild and replace its electric lines and poles. By these allegations the relationship of the parties was that of employer and employee as between Bouligny Inc., and deceased. Deceased's status as to defendant was that of an invitee on defendant's premises while he was performing his duties in serving Bouligny in the fulfillment of the contract. Under such relationship and because of the hazardous work the defendant owed a duty to exercise the highest degree of care possible, commensurate with the business engaged in. Escambia County E. L. & P. Co. v. Sutherland, 61 Fla. 167, 55 So. 83.

At the time the demurrer was sustained to the declaration there was pending, and undisposed of certain motions for compulsory amendments and to strike. We conclude that it was error to sustain the demurrer and our judgment will be to reverse the judgment appealed from, but without prejudice to require suitable amendments to the declaration to conform to the law and proper pleading. Among some of the defects in the declaration is an allegation of law, perhaps by way of inducement, that defendant was obligated to furnish deceased a safe place to work. The law does not make defendant an insurer but only requires the exercise of a degree of care

commensurate with the circumstances of the occasion. In this case, because of the nature of the work, the degree of care was high. Escambia County E. L. & P. Co. v. Sutherland, supra, but even though the care required to be exercised was great it did not amount to a requirement to make it absolutely safe because the nature of the work is dangerous even when performed by most prudent and cautious persons.

The other two questions relate to assumption of risk and contributory negligence. From the face of the declaration we cannot say that these questions are well founded.

The judgment is reversed.

BUFORD, C. J., TERRELL and CHAPMAN, JJ., concur.