SWANN, Judge.
Hart, plaintiff below, appeals from a summary final judgment for National Airlines, Inc. in a negligence action.
Hart was an employee of Dispatch Services, Inc. at the time he was injured. National had a contract with the United States government for the transportation of mail. Dispatch had entered into a written contract with National to furnish men to load and unload cargo and mail from its planes. National, pursuant to the terms of the contract, had the same supervision and control over Hart as it exercised over its own employees. While Hart was engaged in loading mail on a National plane, a National employee bringing additional mail to the plane in a jeep, ran over his foot. Hart made a claim for workmen’s compensation benefits against his employer, Dispatch, and the claim was paid. Hart then brought a negligence action against National seeking damages resulting from his injuries. National answered and moved for a summary judgment, with supporting affidavits. After a hearing and rehearing on the motion, the trial court entered the summary final judgment appealed herein.
The sole question involved herein is whether the provisions of Fla.Stat. §§ 440.-10 and 440.11, F.S.A., apply and, if so, whether they provide the exclusive remedy for Hart.
In Hunt v. Ryder Truck Rentals, Inc., Fla., 216 So.2d 751 (Opinion filed December 10, 1968) the Supreme Court of Florida stated that ‘the essential requirement for immunity is the obligation on the part of the lessee (contractor) to provide Workmen’s Compensation for his own employees and those of others employed on the job and falling within the common employment doctrine. Where such obligation exists, the immunity enjoyed by the contractor extends to the lessor (subcontractor) for injuries received by or caused by the common employees.”
Here, National had a contract with the United States government to carry the mail; it subcontracted the loading and unloading of the mail to Dispatch; the employee of Dispatch [Hart] was injured by the employee of National while both were *901 in the performance of loading and unloading the mail.
Under these circumstances, National was not a third party tort feasor and the remedy provided in the statute is exclusive. See Brickley v. Gulf Coast Const. Co., 153 Fla. 216, 14 So.2d 265 (1943) and 35 Fla. Jur. Workmen’s Compensation § 36.
The judgment herein appealed is
Affirmed.