274 So.2d 558 (1973)
FLORIDA POWER AND LIGHT COMPANY, a Florida Corporation, Appellant,
v.
Charles BROWN, Appellee.
No. 72-560.
District Court of Appeal of Florida, Third District.
March 13, 1973.
Sam Daniels, Knight, Peters, Hoeveler, Pickle, Niemoeller & Flynn, Miami, for appellant.
Sinclair, Lewis, Sand & Siegel, Miami, Belli, Ashe, Ellison, Choulos & Lieff, San Francisco, Cal., Leo Alpert, Miami, for appellee.
Before CHARLES CARROLL, HENDRY and HAVERFIELD, JJ.
HENDRY, Judge.
Appellant, Florida Power & Light Company (hereinafter referred to as F.P.L.), seeks review of an adverse final judgment based on a jury verdict finding it liable for $875,000.00 in a personal injury action.
The major point raised by appellant is that the plaintiff's action against it should have been barred due to the provisions of *559 Fla. Stat. §§ 440.10 and 440.11,[1] F.S.A., providing plaintiff with the exclusive remedy for his claim by way of workmen's compensation. The lower court ruled, as a matter of law, that the appellant was not covered by the immunity encompassed within the aforementioned provisions of the statutes. We agree with this determination and accordingly affirm.
Plaintiff appellee was an employee of the T.D. McClure Co., an electrical contractor, at the time of the accident in question. McClure Co. was hired as an independent contractor by F.P.L. to provide alternate electrical feed to electrical power vaults in order to supply power to the Pompano Fashion Square. The contract between McClure and F.P.L. contained the following recitation:
"T.D. McCLURE, Jr. CO, hereinafter referred to as the contractor, agrees to perform the work described in this order as an independent Contractor and not as a Subcontractor, Agent or Employee of the Florida Power & Light Company, hereinafter referred to as the company. The Company retains no control or direction over the Contractor and its employees or over the detail, manner or methods of the performance of the described work by Contractor or its employees, and Contractor, upon acceptance of this purchase order, agrees to protect, defend and hold the Company free and unharmed against any liabilities whatsoever whether or not due to or caused by Company's negligence, resulting in connection with performance of the described work by Contractor, its employees or Subcontractors."
F.P.L. had negotiated with the owners of the Fashion Square to connect the center's power lines to the power facilities of F.P.L., facilities that were somewhat removed from the shopping center itself. The shopping center agreed to construct both underground and above ground vaults on the center's property to hold F.P.L.'s equipment and to give F.P.L. easement access to the vaults.
Appellee plaintiff was working in one such vault and touched a terminator thought to have been de-energized. Appellee received 13,000 volts of electricity but miraculously survived. However, appellee's escape from death was not without *560 great costs. Appellee's right arm was amputated and he has permanently lost complete workable use of his left hand. In addition, appellee suffered severe electrical and thermal burns to his body. Appellee was covered by workmen's compensation through his employer, McClure Co., and collected on same. Appellee brought suit against F.P.L. as the negligent owner of an electrical distribution system causing his injury and after a jury trial recovered a verdict of $875,000.00. No issue is raised by appellant as to the priopriety of the verdict or the negligence of the company.
Argument is directed to the status of F.P.L. and its alleged immunity from liability since appellee's exclusive remedy was allegedly under the provisions of the Workmen's Compensation Act and specifically provided for in §§ 440.10 and 440.11, Fla. Stat., F.S.A. The question then presented is whether F.P.L. was a "contractor" within the meaning of the statutes. If so, then the plaintiff appellee's exclusive remedy was under the provisions of the Workmen's Compensation Act. See: Miami Roofing & Sheet Metal Co. v. Kindt, Fla. 1950, 48 So.2d 840; Smith v. Poston Equipment Rentals, Inc., Fla.App. 1958, 105 So.2d 578. We do not believe that the negotiations between F.P.L. and the owners of the Fashion Square[2] resulted in a "contract" as was contemplated by the statute in order for F.P.L. to qualify as a "contractor" subject to immunity by the statutes.
Our Supreme Court has noted that in order for a person or company to so qualify as a "contractor" its primary obligation in performing a job or providing a service must arise out of a contract. See: Jones v. Florida Power Corp., Fla. 1954, 72 So.2d 285; State v. Luckie, Fla.App. 1962, 145 So.2d 239, cert. denied, Fla. 1962, 148 So.2d 278. The primary obligation of F.P.L., as a public utility, to provide power to its customers in the case before us did not arise out of a contract between the Fashion Square and F.P.L., even assuming such a contract existed.[3] F.P.L.'s primary obligation arises out of a statute rather than a contract. Florida Statutes, § 366.03, F.S.A., provides, inter alia:
"Each public utility shall furnish to each person applying therefor reasonable sufficient, adequate and efficient service upon terms as required by the commission ..."
Moreover, in State v. Luckie, supra, the First District Court of Appeal noted the type of "contract" that was required in order for a person or corporation to take advantage of the protection of the statutes. The court stated:
"In West v. Sampson[4] our Supreme Court indicated, if it did not specifically so hold, that the type of contractual obligation by which one must be bound in order to be held a contractor within the meaning of the statute [§ 440.10, Fla. Stat., F.S.A.] is the conventional type of contract entered into between a general contractor and an owner of property for whose benefit improvements are to be constructed or specified work is to be performed, by which the contractor agrees for a stated consideration to construct an improvement or perform the work in accordance with agreed plans and specifications."
The type of contract mentioned above does exist in the case sub judice. However, that is the contract between F.P.L. as owner and McClure Co. as independent contractor. We have carefully studied the voluminous record in this cause and are of the opinion that the negotiations between *561 the owners of the Fashion Square and F.P.L. did not result in the type of contractual obligation contemplated by the statute. See: State v. Luckie, supra; Jones v. Florida Power Corp., supra; Vanlandingham v. Florida Power & Light Co., 1944, 154 Fla. 628, 18 So.2d 678. It is our belief that F.P.L. was an owner and primary employer of McClure Co., its independent contractor for the purpose of providing power to a customer as is required by Florida Statutes.[5] We have considered the remaining point raised by appellant and have found it to be without merit.
Therefore, for the reasons stated and upon the authorities cited and discussed, the judgment appealed from is hereby affirmed.
Affirmed.
NOTES
[1] § 440.10, Fla. Stat., F.S.A., provides in part:

"Liability for compensation. 
"(1) Every employer coming within the provisions of this chapter, including any brought within the chapter by waiver of exclusion or of exemption, shall be liable for and shall secure the payment to his employees of the compensation payable under §§ 440.13, 440.15 and 440.16. In case a contractor sublets any part or parts of his contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment, and the contractor shall be liable for and shall secure the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment.
§ 440.11(1), Fla. Stat., F.S.A., provides:
"Exclusiveness of liability. 
"(1) The liability of an employer prescribed in § 440.10 shall be exclusive and in place of all other liability of such employer to any third party tort-feasor and to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee or his legal representative, in case death results from the injury, may elect to claim compensation under this chapter or to maintain an action at law or in admiralty for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by negligence of a fellow servant, that the employee assumed the risk of his employment, or that the the injury was due to the contributory negligence of the employee."
[2] Three documents purporting to be the product of such negotiations as the minutes of a meeting between representatives of the Square owners and an F.P.L. representative and a letter from F.P.L. commenting on those minutes were not admitted into evidence as proof of the "contract" between the Square and F.P.L.
[3] An assumption we do not necessarily make herein.
[4] Fla. 1962, 142 So.2d 74.
[5] Fla. Stat., § 366.03, F.S.A.