360 So.2d 1140 (1978)
BELFORD TRUCKING COMPANY, Appellant,
v.
Edward James PINSON, etc., Appellee.
No. HH-113.
District Court of Appeal of Florida, First District.
July 21, 1978.
As Amended July 25, 1978.
*1141 Monroe E. McDonald of Sanders, McEwan, Mims & McDonald, Orlando, for appellant.
Charles R. Forman and M. Thomas Bond, Jr., of Musleh, Leak, Bond & Arnett, Ocala, for appellee.
BOOTH, Judge.
This cause is before us on appeal from the order of the Circuit Court, Marion County, entered pursuant to Florida Statute § 440.24, and directing that appellant, Belford Trucking Company, pay the costs and attorneys fees on behalf of the workmen's compensation claimant,[1] appellee herein.
The sole question presented is whether Belford may rightfully be required to pay those fees and costs since the Judge of Industrial Claims found that the employer of the deceased employee was H & H Refrigerated Trucking Service and that H & H was primarily liable for the payment of benefits and required to reimburse Belford for compensation benefits already paid the claimant.
We hold that the trial court properly awarded fees and costs against Belford under the provisions of Florida Statute § 440.10, in pertinent part as follows:
"In case a contractor sublets any part or parts of his contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged in such contract work shall be deemed to be employed in one and the same business or establishment, and the contractor shall be liable for and shall secure the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payments ..." (e.s.)
The undisputed facts in this case are, as found by the Judge of Industrial Claims, that Belford was in the relationship of a general contractor and H & H was the subcontractor, and employer of the deceased employee. It is also undisputed that the subcontractor, H & H, had not secured workmen's compensation coverage. Under these circumstances, Chapter 440 contemplates that the claimant may go directly against the general contractor for compensation benefits due, that the general contractor is liable therefor without showing of any demand made, or refusal to pay on the part of the subcontractor [§ 440.10(2)], and that the general contractor's rights are to *1142 seek reimbursement against the subcontractor, but not to refuse payment [§ 440.42(3)].
The intent and purpose of these provisions is to secure prompt payment of all amounts due to, or on behalf of, the claimant without regard to the primary or secondary responsibility of several employers/carriers and their rights to reimbursement.
In this case, the additional factor of Belford's responsibility and acceptance of the risk in subcontracting with H & H, a subcontractor without workmen's compensation coverage, requires Belford pay these fees and costs, as it has all prior benefits, and seek reimbursement from its subcontractor. Belford's obligation in this respect was not discharged by the order of the Judge of Industrial Claims determining H & H to be primarily liable.
Accordingly, Appellee's motion for attorneys fees for services in this Court is GRANTED in the amount of $1,000,[2] and the judgment below is AFFIRMED.
MILLS, Acting C.J., and ERVIN, J., concur.
NOTES
[1] Fees for representation in death case before Judge of Industrial Claims and in the Rule nisi proceedings were $9,000 total.
[2] Steele v. A.D.H. Building Contractors, Inc., 196 So.2d 430 (Fla. 1967); McCormick v. Messink, 208 So.2d 113 (Fla. 2nd DCA 1968).