448 So.2d 68 (1984)
Marc Anthony WILLIAMS, Appellant,
v.
PAN AMERICAN WORLD AIRWAYS, INC., Appellee.
No. 83-1759.
District Court of Appeal of Florida, Third District.
April 10, 1984.
*69 Philip T. Weinstein and Elliot Weitzman, Miami, for appellant.
Thornton, David & Murray and Ann Thomas, Miami, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and DANIEL S. PEARSON, JJ.
SCHWARTZ, Chief Judge.
The plaintiff-appellant Williams was an employee of Ground Services, Inc., a division of a company which had contracted with Pan American World Airlines to perform the ground handling of its passengers' baggage. He was injured at the Miami International Airport in the course of his employment by the alleged negligence of a Pan Am employee while they were both engaged in that process. After receiving worker's compensation benefits from Ground Services and its carrier, Williams brought this third-party damage action against Pan Am. The trial court, however, granted summary judgment to Pan Am on the ground that it was a "contractor"  for transportation services with its passengers  which had "sublet" part of that "contract work"  its obligation to transport their luggage  to Ground Services. On this basis, Pan American was held immune from tort liability to Williams as a Ground Services employee under the exclusive remedy provisions of Sections 440.10,[1] 440.11,[2] Fla. Stat. (1981). We disagree and, upon the opposite holding that Pan Am is, as a matter of law, not immune, reverse the judgment below.
Even assuming, contrary to the thrust of West v. Sampson, 142 So.2d 74 (Fla. 1962) and the holding of State v. Luckie, 145 So.2d 239 (Fla. 1st DCA 1962), cert. denied, 148 So.2d 278 (Fla. 1962),[3] that exclusive-remedy-compensation-immunity may ever exist outside the familiar general contractor-construction job situation,[4] it plainly does not in this case. Two closely related, if perhaps analytically distinct reasons, compel this result. First, as in the controlling case of Florida Power & Light Co. v. Brown, 274 So.2d 558 (Fla. 3d DCA 1973), Pan Am's "primary obligation" in transporting their luggage arises not out of its countless individual contracts, that is, the tickets, with its passengers, but from generalized statutory and common law requirements that it do so. See e.g., 49 U.S.C. § 1301, et seq., § 1374; State ex rel. Burr v. Jacksonville Terminal Co., 90 Fla. 721, 754, 106 So. 576, 584 (1925); State ex rel. Postal Tel.-Cable Co. v. Wells, 96 Fla. 591, 600, 118 So. 731, 736 (1928); Atlantic Coast Line R. Co. v. Campen Bros. Co., 114 Fla. 386, 388, 154 So. 131, 133 (1934). Indeed, Brown is a fortiori case to this one, because, in contrast, a single express written agreement to supply electricity to a shopping center was involved. Nonetheless, this court held that the primary obligation allegedly "subcontracted" to the *70 plaintiff's employer was not based on the contract, but upon F.P.L.'s statutory duties as a public utility.
Second, the purportedly "sublet" work of carrying baggage was, at best, but a small, surely not indispensable portion and was thus, to use the legal term of art, merely "incidental" to the essence of the "prime contracts"  which was clearly to transport the passengers themselves. Under the now highly-buffed judicial gloss which has been placed on Section 440.10, Pan Am is not entitled to immunity for this reason as well. State v. Luckie, supra; Florida Power & Light Co. v. Brown, supra; Cork v. Gable, 340 So.2d 487 (Fla. 2d DCA 1977).
Because it is so obviously and decisively distinguishable, we need not decide whether Hart v. National Airlines, Inc., 217 So.2d 900 (Fla. 3d DCA 1969), cert. denied, 225 So.2d 533 (Fla. 1969), upon which the appellee almost wholly relies,[5] retains any viability whatever in the light of the later decision in Florida Power & Light Co. v. Brown, supra, and the other authorities already cited. In Hart, the airline's duty of transporting mail arose, not by operation of law, but out of a specific, one-purpose, written contract to that effect with the United States government. Moreover, it was that very contractual purpose, to handle mail, which was the subject of the subcontract with the plaintiff's employer. Thus, both of the reasons we have identified for denying immunity because they are not present in this case were satisfied in Hart.
For these reasons, the judgment below is reversed and the cause remanded for trial.
Reversed.
BARKDULL, Judge, dissenting.
I respectfully dissent. If an employer has a duty to supply workmen's compensation benefits to an employee of a subcontractor and it does, it is entitled to immunity from suit as a third-party tortfeasor. Third-party actions should only be allowed against those tortfeasors who do not owe a duty to such an employee. Compare Employers Insurance of Wausau v. Abernathy, 442 So.2d 953 (Fla. 1983). Pan American had a contract with its passengers to carry their baggage. It sublet a portion of this basic contract to the appellants' employer with an express provision that its employees be provided with workmen's comp. Which was done. The employee having recovered workmen's compensation should not be entitled to a double recovery from the prime employer. Therefore I would affirm the summary judgment under review.
NOTES
[1] [I]n case a contractor sublets any part or parts of his contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment; and the contractor shall be liable for, and shall secure, the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment.
Sec. 440.10, Fla. Stat. (1981).
[2] [T]he liability of an employer described in S.440.10 shall be exclusive and in place of all other liability of such employer to any third-party tortfeasor.
Sec. 440.11, Fla. Stat. (1981).
[3] Accord, Florida Power & Light Co. v. Brown, 274 So.2d 558 (Fla. 3d DCA 1973); Cork v. Gable, 340 So.2d 487 (Fla. 2d DCA 1977); Richardson v. United States, 577 F.2d 133 (10th Cir.1978) (applying Florida law).
[4] E.g., Carter v. Sims Crane Service, Inc., 198 So.2d 25 (Fla. 1967); Motchkavitz v. L.C. Boggs Industries, Inc., 407 So.2d 910 (Fla. 1981).
[5] It is significant that Hart is the only reported case which has accepted the contractor immunity defense in a non-construction project context. Compare, State v. Luckie, supra; Cork v. Gable, supra.