466 So.2d 281 (1985)
Kerry L. BARROW, Appellant,
v.
SHEL PRODUCTS, INC. d/b/a Shelton Trucking, Appellee.
No. AY-263.
District Court of Appeal of Florida, First District.
February 20, 1985.
Rehearings Denied April 24, 1985.
*282 Lisa J. Campbell of Brennan, McAliley, Hayskar, McAliley & Jefferson, West Palm Beach, for appellant.
Kent S. Pratt of Cibula, Gaunt & Pratt, West Palm Beach, for appellee.
BARFIELD, Judge.
Kerry L. Barrow, claimant, appeals the final order of the deputy commissioner finding that no employer/employee relationship existed between claimant and Shelton Trucking and that Shelton Trucking was not a statutory employer of claimant under the provisions of section 440.10, Florida Statutes (Fla. 1981). We affirm the finding that no employer/employee relationship existed on the basis of competent substantial evidence in the record. We reverse the finding that Shelton Trucking was not a statutory employer.
Claimant, a 37-year-old truck driver from Charleston, West Virginia, injured his right knee and left hand in a truck accident on December 21, 1982 in Palm Beach County, Florida. At the time of the accident, claimant was driving a tractor/trailer which had been leased to Shelton Trucking by Forest Elder, the owner/operator, who was also in the truck. Elder and the claimant had delivered a load of Kal Kan dog food to a Publix store in Miami and were apparently on their way to pick up another load (although not for Shelton Trucking).
On the statutory employer question, the deputy commissioner found:
(1) There was no written contract between Shelton Trucking and the manufacturer of Kal Kan dog food introduced into evidence.
(2) The arrangement was ad hoc on an instance-by-instance basis.
(3) To the extent that Shelton Trucking sublet hauling work, it sublet the entire contractual responsibility, receiving a brokerage-type commission.
The absence of a written contract is immaterial because the statute does not require that the contract be written. The ad hoc arrangement only indicates that there were perhaps individual contracts covering each load as opposed to a master contract covering all loads. There are two problems with the deputy's conclusion that the entire contractual obligation was passed along to Elder as if Shelton only brokered the transaction. Contrary to this narrow construction given by the deputy, the workers compensation act should be broadly construed so as to provide coverage to claimants. Furthermore, there is no record evidence to support a finding that Shelton Trucking did not retain an overriding contractual responsibility for each load of Kal Kan dog food hauled by Elder and Barrow. Shelton Trucking did not merely refer the manufacturer to Elder, but accepted the hauling job in its own name. Elder's truck carried a placard bearing the name Shelton Trucking. The paperwork was apparently handled by Shelton Trucking, which paid Elder 80% of what it received from the manufacturer.
We find this case to be controlled by the holdings in Hart v. National Air Lines, Inc., 217 So.2d 900 (Fla. 3d DCA 1969), cert. den. without opinion, 225 So.2d 533 (Fla. 1969), and Belford Trucking Company v. Pinson, 360 So.2d 1140 (Fla. 1st DCA 1978).
Appellee argues that this court should affirm the deputy commissioner's denial of the claim upon a finding that claimant was outside the course and scope of any employment with Shelton Trucking at the time of the accident. This question was not decided by the deputy commissioner, nor, in our opinion, was adequate evidence presented by the parties on this issue.
The final order of the deputy commissioner is reversed and the cause remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.
MILLS and JOANOS, JJ., concur.