WENTWORTH, Judge.
Charles Wooden, claimant, appeals a workers’ compensation order by which a claim for benefits was denied. The deputy commissioner determined that the requisite degree of control necessary to support an employer/employee relationship was lacking, and concluded that claimant was not an employee of Ploof Truck Lines, Inc. We reverse the order appealed, and remand for further consideration by the deputy.
Claimant was injured while driving a truck owned by Jasper Harley and leased by Ploof Truck Lines. The deputy found that claimant was an employee of Harley, but not of Ploof. In making this decision the deputy relied on A Nu Transfer Inc. v. Department of Labor & Employment Security, 427 So.2d 305 (Fla. 3d DCA 1983). However, the record does not indicate any consideration by the deputy as to the applicability of § 440.10, Florida Statutes (1980). In Barrow v. Shell Products, Inc., 466 So.2d 281 (Fla. 1st DCA 1985), a decision rendered subsequent to the deputy’s order in the present case, this court established that pursuant to § 440.10 a trucking company may be the statutory employer of a driver of a leased truck. The claimant in Barrow was held to be the trucking company’s statutory employee even though no actual employment relation was found to exist.
Accordingly, we reverse and remand to the deputy commissioner for consideration as to the applicability of § 440.10, Florida Statutes (1980), in light of our decision in Barrow.
JOANOS and THOMPSON, JJ., concur.