552 So.2d 924 (1989)
Luis ORAMA, Appellant,
v.
Richard DUNMIRE, D/B/a Dunmire Construction, Inc., Appellee.
No. 88-1570.
District Court of Appeal of Florida, First District.
July 7, 1989.
Rehearing Denied December 12, 1989.
Anthony J. Diamond of Diamond & Diamond, P.A., Fort Myers, for appellant.
Roger L. Waltemyer, Fort Myers, for appellee.
JOANOS, Judge.
Appellant Orama seeks review of a deputy commissioner's order finding the appellee, Dunmire, not liable for workers' compensation disability and other benefits. We find a statutory employer-employee relationship did exist within the meaning of section 440.10, Florida Statutes (1987) and therefore reverse.
We note at the outset that appellant applies an improper standard on appeal, asking whether competent substantial evidence exists to support his two positions. The law is clear that the correct standard on appeal is whether competent substantial evidence exists to support the order and whether the law has been properly applied below. See Swanigan v. Dobbs House, 442 So.2d 1026 (Fla. 1st DCA 1983) (and cases cited therein).
Orama put his right hand through a window, cutting the tendons of his wrist, while working on a duplex in LaBelle, Florida. The owner of the property, Hendry County Real Estate, had made an agreement with Dunmire, a general contractor, whereby Dunmire would use his license as a general contractor in order to obtain the permits to build the building.[1]
Dunmire testified at hearing that his line of credit was used in order to obtain the lumber for the building, that he gave the owner an estimate as to the reasonable cost to build the duplex and told Guillermo Torres the price for doing the carpentry work. Torres was paid by the owner for doing the job. Dunmire's daughter, who was employed by the owner, visited the job site frequently and Dunmire visited the site at least three times. When asked whether it was a fair statement that he was supervising the overall construction of the job, Dunmire responded, "Yes, that's a fair statement."[2] At hearing, Dunmire explained his original response by stating, "My licenses were responsible to see that before the inspections were made that  that I check out the job. In other words, if there were mistakes, my license  I'm responsible to the State or the  of course, in that case LaBelle."
Torres had worked as a sub-contractor to Dunmire during the past four years. It was undisputed that Torres hired two men, *925 Orama and one other, as carpenters on this job, and paid them directly from his earnings on the job. Dunmire testified that it was his practice to give Torres tools, including a compressor, a generator and air equipment, in order to keep him in business. For this particular job, Torres and Orama went together to Dunmire's house to pick up tools for use on the job including an airgun, a mitre box and an extension cord.
Appellant maintains that an employer-employee relationship existed between him and Dunmire at the time of the accident. We disagree as to this point and affirm. The primary test for determining whether the relationship exists is the degree of control exercised. See Roberts v. Gator Freightways, Inc., 538 So.2d 55 (Fla. 1st DCA 1989); La Grand v. B & L Services, Inc., 432 So.2d 1364 (Fla. 1st DCA 1983). There is competent substantial evidence in the record to support the finding that Dunmire exercised no direct control over Orama. The evidence was also undisputed that Orama was employed by Torres.
Appellant next contends that a statutory employment relationship existed between Orama and Dunmire for the purpose of workers' compensation coverage under section 440.10(1), Florida Statutes. This court has held that under section 440.10, a statutory employment relationship may be found to exist even where no actual employment is found. Wooden v. Ploof Truck Lines, Inc., 482 So.2d 611 (Fla. 1st DCA 1986); Barrow v. Shel Products, Inc., 466 So.2d 281 (Fla. 1st DCA 1985). Section 440.10 states in pertinent part:
(1) ... In case a contractor sublets any part or parts of his contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment; and the contractor shall be liable for, and shall secure, the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment.
Section 440.10(1), Florida Statutes (1987).
The unrefuted evidence established, and the deputy commissioner found, that an agreement was made with the owner whereby Dunmire would use his license as a general contractor in order to obtain the construction permits.[3] Dunmire thus assumed the legal position of general contractor for the job. There is insufficient competent evidence to support the deputy commissioner's findings that both Torres and the owner were unlawfully acting as the general contractors without benefit of license. To hold that either Torres or the owner was in fact the general contractor would be tantamount to judicial approval of illegal actions by appellee in using his license as a sham. Cf. Herman v. Roche, 533 So.2d 824, 826 (Fla. 1st DCA 1988).
It is immaterial that there was no written contract. The statute does not require that the contract be in writing. Barrow v. Shel Products, Inc., 466 So.2d at 282. Further, the fact that Torres was paid by the owner rather than by Dunmire is not controlling. Torres testified that on other jobs for Dunmire, where his relationship to Dunmire was no different than this one, he had been paid by the home owners. When Dunmire was asked at hearing, "Was it common for you to have the owners pay the subcontractors directly in places that you built?", he responded, "It was and is."
Dunmire argued that hearing that the statute did not apply because he didn't sublet anything.[4] The implication of the term "sublet" as used statutorily is to delegate to another an obligation under a contract which that person must then either perform himself or cause to be done by others. See Director, Office of Workers' Compensation Programs, United States Dep't. of Labor v. National Van Lines, Inc., 613 F.2d 972, 986-7 (D.C. Cir.1979). Dunmire testified that Torres assumed the responsibility *926 for the carpentry work on the duplex. As general contractor Dunmire retained the ultimate and overriding responsibility for the job, yet passed on to Torres the obligation for the carpentry work on the building. The very purpose of section 440.10 is to assure that a general contractor will retain financial responsibility for injuries to those employees working a contract job, even though an independent contractor performs part or all of the undertaking. Roberts v. Gator Freightways, Inc., 538 So.2d at 60; Barrow v. Shel Products, Inc., 466 So.2d at 282. Dunmire is liable for workers' compensation benefits to Orama under section 440.10, Florida Statutes, where Torres had no workers' compensation coverage and employed Orama to work the job.
The case is therefore reversed and the cause remanded for entry of final order in accordance herewith.
REVERSED AND REMANDED.
WENTWORTH and NIMMONS, JJ., concur.
NOTES
[1] Dunmire, a school teacher, had been in the construction business for twenty-nine years.
[2] Dunmire deposition entered in evidence, at 15.
[3] By deposition Dunmire testified, "It was just that I would pull the permits and make sure that the construction was correct."
[4] No answer brief was submitted to this court on appeal.