PER CURIAM.
This is an appeal from a final order of dismissal. We reverse.
In the dismissed third amended complaint, the plaintiff/appellant alleged that Florida Power & Light (FPL) hired appellee Bumup & Sims Teleom, Inc. (Bumup) to install underground electrical facilities in Boca Raton, at or near the St. Andrews development. Bumup in turn hired William Barnett d/b/a B & J Technical (Barnett) to perform some of the work. While working on the project, appellant was severely injured when he made contact with FPL’s appliances and wires.
Count I alleged negligence against FPL; count IV alleged vicarious liability on the part of FPL for the negligence and gross negligence of the various defendants; and counts V and VIII alleged gross negligence against appellees Bell and McMurrain.[1]
We conclude that appellant has sufficiently pled a cause of action against FPL for negligence and vicarious liability. With respect to the former, contrary to appellee’s position, the law still recognizes a duty of FPL to employees of its contractors.[2] This duty has been properly alleged, as well as breach, causation, and injury.[3] As for vicarious liability, the plaintiff has alleged that FPL knew or should have known of the *1134 danger to appellant; that FPL authorized and participated in the work on its premises (the transformer boxes); and that FPL is liable due to the negligence of other parties over which it had control and the right to direct. This is sufficient.
In pleading a cause of action for gross negligence, it must be alleged that there is “a composite of circumstances which, together constitute a clear and present danger; (2) an awareness of such danger and (3) a conscious, voluntary act or omission in the face thereof which is likely to result in injury.” Sullivan v. Streeter, 485 So.2d 893, 895 (Fla. 4th DCA 1986), quoting from the circuit court opinion Sullivan v. Atlantic Federal Savings & Loan Ass’n, 3 Fla.Supp.2d 101 (Fla. 17th Cir.Ct.1983). The plaintiff has done that.
GLICKSTEIN, FARMER and KLEIN, JJ. concur.

. Count II alleged gross negligence against ap-pellees, Barnett. This count was not dismissed and is not part of the appeal. Similarly, counts VI and VII, alleging gross negligence as to appel-lees Pendleton and Doe(s), was not dismissed and is not a subject of appeal. Finally, count III against appellee, Bumup, was dismissed; but the plaintiff did not appeal the dismissal.

. Appellee repeatedly states that in Gator Freightways, Inc. v. Roberts, 550 So.2d 1117 (Fla.1989), the supreme court "overruled” Florida Power & Light Co. v. Brown, 274 So.2d 558 (Fla. 3d DCA 1973). In Brown, the court allowed the claimant to recover outside of the workers' compensation statutes because FPL's statutory obligations su-perceded its contractual obligations. Brown, 274 So.2d at 560. In Gator Freightways, it was asserted that Brown exempted corporations with statutory obligations from being statutory employers. By disapproving of Brown, the court simply held that the fact a corporation has a statutory obligation would not preclude it from having a contractual obligation under section 440.10. Woods v. Carpet Restorations, Inc., 611 So.2d 1303 (Fla. 4th DCA 1992). This is a far cry from holding that FPL is a statutory employer and therefore appellant's exclusive remedy is under workers' compensation.

.FPL owes the employee of a contractor the "highest degree of care possible,” given the hazardous nature of the work involved. Vanlandingham v. Florida Power & Light, 154 Fla. 628, 18 So.2d 678, 679 (1944). In Vanlandingham, the decedent was repairing electric lines when he *1134 came into contact with an uninsulated wire. Id. 18 So.2d at 679. The complaint alleged negligence in failure to insulate the wires, failure to properly supervise, and failure to provide the proper equipment. Id. These are very similar to the allegations in the negligence count against FPL in the instant case. The duty FPL has to the employee of a subcontractor includes using ordinary care to protect against, or give warnings of, dangers- of which FPL has actual or constructive knowledge. Florida Power & Light Co. v. Robinson, 68 So.2d 406 (Fla.1953). Appellant has alleged knowledge on the part of FPL. Whether FPL did in fact have knowledge is a question of fact. Id. at 411.
FPL asserts that Vanlandingham, 154 Fla. 628, 18 So.2d 678, and many other cases that impose the duty of highest care on FPL are not good law anymore. This is not accurate. First, Gator Freightways did not overrule Vanlandingham and the other cases that impose the duty on FPL. Second, the law has not changed in the last fifty plus years. Section 440.10 substantively reads the same today as it did when used by the court in Vanlandingham. § 440.10, Fla.Stat. (1941). Sections 440.11 and 440.39 also read substantively the same as they did in 1941. Vanlanding-ham and the other cases relied upon by appellant (and which appellee attempts to refute) have not been overruled. FPL still owes a duty to the employees of its contractors.