SAM LANG, *Plaintiff in Error,* v. GEORGE WALKER, *Defendant in Error.*

HABEAS CORPUS—COUNTY CONVICTS SUBJECT TO LABOR ON ROADS—
SHERIFFS' POWERS AND DUTIES SUBJECT TO REGULATION BY LAW.

1. Under the provisions of section 3032, Revised Statutes, the county commissioners have authority to employ county convicts at labor upon the public roads of their respective counties; and under the provisions of chapter 4391, laws of 1895, they have authority to appoint and employ guards and keepers over such convicts while so at work, and to provide for the feeding and care of such prisoners; and the guards and keepers so employed are clothed with authority to have the care and custody of such prisoners while at work.

2. Sheriffs have no exclusive inherent or constitutional right to the custody, care and keeping of county convicts, or to the emoluments to be derived therefrom, but, under the constitution, the powers, duties and compensation of sheriffs are dependent upon legislative action.

This case was decided by Division A.

Writ of error to the Circuit Court for Hillsborough county.

*Statement.*

Sam Lang, the plaintiff in error, filed his petition for a writ of *habeas corpus* in the Circuit Court of Hillsborough

county, alleging in substance, that he was detained and restrained of his liberty in the custody of George Walker, the defendant in error, in Hillsborough county, without any authority of law whatsoever, and that his detention and imprisonment is illegal, and prayed to be discharged from custody.

The writ was granted.

The defendant George Walker made return to the writ in substance as follows: "That he the said Walker, was on the 19th day of November, 1902, by resolution of the board of county commissioners of Hillsborough county, authorized and empowered to receive from W. T. Lesley, sheriff of said county, all prisoners who had been sentenced to imprisonment at hard labor by any of the courts in Hillsborough county, or who are subject to work on the public roads of said county, and all prisoners who are subject to imprisonment at hard labor in the county jail of said county, and in his custody as such sheriff; that the said Sam Lang was committed to the county jail at hard labor on the 4th day of January, A. D. 1903, by the sentence of the Criminal Court of Record of Hillsborough county, Florida, his said commitment being attached hereto and made part of this return or answer, and that subsequently, by virtue of the order of the board of county commissioners hereinbefore referred to, the said Sam Lang was delivered into the custody of this respondent under and by virtue of the directions of the board of county commissioners as aforesaid; that he is the custodian and in control of the said prisoner Sam Lang by virtue of the order and directions of the board of county commissioners of Hillsborough county, and that it is his duty to guard, feed and care for the said prisoner, together with all other prisoners legally in his custody, and to superintend and oversee the working of the public roads in Hillsborough county by the said prisoners, under the directions and control of the board of county commissioners aforesaid." Attached

as exhibits to, and parts of, such return were the following resolution of the board of county commissioners of Hillsborough county: "Be it resolved by the board of county commissioners of Hillsborough county, Florida, that William T. Lesley, sheriff of said county, be and he is hereby ordered to deliver unto George Walker, superintendent of guards of prisoners on the public roads of said county, all of the prisoners who have been sentenced to imprisonment at hard labor by any of the courts in Hillsborough county, Florida, who are subject to work on the public roads of said county, and all of the prisoners who are subject to imprisonment at hard labor in the county jail of said county and in his custody as sheriff. And the sheriff will thereby be exonerated and relieved from all liability as said sheriff for the custody of said prisoners after he has so delivered them to the said George Walker.

Be it further resolved, that the following named guards be authorized to guard all of the prisoners so in the possession of the said George Walker, to-wit: George Bell, John D. McMullen and Samuel V. Tanner, until the further order of this board.

Be it further resolved, that the said George Walker is hereby authorized, empowered and ordered to feed all of said prisoners who may be so put into his possession, and to safely keep and provide for the comfort of said prisoners while in his charge.

Be it further resolved, that the said George Walker shall work said prisoners on the public roads of said county, and report monthly to this board what work he has performed and what expenditures he has made as said superintendent, and that a certified copy of these resolutions be furnished to the said sheriff and to the said George Walker.

STATE OF FLORIDA,  }
Hillsborough County.  }

I, W. L. Hanks, Clerk of the Circuit Court and clerk of the board of county commissioners in and for Hillsbor-

ough county, Florida, do hereby certify that the above and foregoing is a true and correct transcript of the record of the resolution introduced and passed by the board of county commissioners at their meeting held on the 19th day of November, A. D. 1902, as the same appears of record in the minutes of the said board at pages 359 and 360 of Commissioners Record "G," in my custody as such clerk.

Witness my hand and official seal this 8th day of June, A. D. 1903.                           W. L. Hanks, Clk.
(Clerk's Seal.)                          D. B. Givens, D. C."

Also the following sentence of the Criminal Court of Record for Hillsborough county:

"Criminal Court of Record, Hillsborough County, Florida, Jan'y Term, A. D. 1903.

State of Florida,   ⎱ Sentenced Feb'y 4th, A. D. 1903.
       v.           ⎰ Assault with the intent to commit
Samuel Lang.           manslaughter.

It is hereby ordered and adjudged by the court that you, Samuel Lang be confined in the county jail of Hillsborough county, Florida, at hard labor for the period of one (1) year from this date."

The petitioner moved to quash this return on the following grounds: 1st. Because the said return does not set forth a statement of facts which entitle the respondent to restrain the petitioner of his liberty.

2nd. Because the said return is vague, indefinite, and does not contain any matter on which the court can adjudge the confinement of the petitioner by the said defendant to be legal imprisonment.

3rd. Because the said return of the respondent does not set forth correctly and fully the circumstances in relation to the detention and imprisonment of the said petitioner.

4th. Because the said return does not show upon its face any valid defense to the writ.

5th. Because the said resolution and the said appointment set forth in the said return are without authority of law.

6th. Because the said several acts of the legislature, under which authority is claimed for the resolution set forth as being made by the county commissioners, are unconstitutional, null and void."

Upon the hearing of this motion the following judgment was entered by the court: "It appearing to the satisfaction of the court from an inspection of the record herein that the relator was duly sentenced under a judgment of the criminal court of record of said county to hard labor, and that he is now in the custody of the respondent George Walker by virtue of an appointment or employment of the said George Walker by the county commissioners of said county as superintendent of guards in working the public roads of the county, it is ordered that the foregoing motion be denied, the writ dismissed, and the relator remanded to the custody of the respondent." To review this judgment writ of error from this court has been duly ordered and taken.

*Hilton S. Hampton* and *C. C. Whitaker* for plaintiff in error.

*Gunby & Gibbons* for defendant in error.

TAYLOR, C. J. (after stating the facts).—It is not contended here that the plaintiff in error was not regularly tried, convicted and sentenced to imprisonment for crime, but, on the contrary, it is admitted that he was so legally tried, convicted and sentenced to imprisonment in the county jail for one year at hard labor by a court having complete jurisdiction so to try, convict and sentence, but the contention solely is that George Walker, the respondent, has no authority or right to the possession and custody of his person under such sentence; that the appointment of said

Walker to the position of superintendent of guards over county convicts employed at work upon the public county roads was without authority of law and void. We do not think that the questions raised and argued in the briefs of counsel for the plaintiff in error touching the right of the said Walker to the custody of the plaintiff in error are presented by the record, or are at all involved therein. It is contended that the said Walker is an *officer* and received his appointment to such office by virtue of the provisions of chapter 4595, laws of 1897, entitled: "An act for the Improvement of the Public Roads and Bridges in Hillsborough County, Providing for the Employment of Convicts Under Certain Conditions, and for the Levy and Collection of a Road and Bridge Tax, and the Means of its Expenditure," and that this act is unconstitutional and void for various reasons.

It is also contended that the said Walker, if not appointed to his *office* of "Superintendent of Convict Guards" under the provisions of the above mentioned act, was appointed thereto under the provisions of chapter 4769, laws of 1899, entitled "An Act to Provide for the Working of Public Roads of the State and the Working of Convicts Thereon," and that this latter act is unconstitutional and void because it provides for the appointment of a "County Road Superintendent," by the board of county commissioners, and that such County Road Superintendent is a county *officer* who can be constitutionally appointed only by the Governor or elected by the people.

Unfortunately for these contentions, as before stated, they have no foundation in the record. There is nothing in the return of the respondent Walker to show that he is an *officer*, or that he was appointed under the provisions of either of the acts of the legislature mentioned above. But so far as said return of the respondent shows to the contrary he is a mere agent or employe of the board of county commissioners, hired by them to superintend the labor of

the county convicts upon the county's roads, and to properly care for, guard, feed and keep such convicts while at work.

The motion to quash such return was equivalent to a demurrer thereto, and admitted its truth. That the county commissioners, independently of said questioned acts above mentioned, have the right and authority to employ county convicts at labor upon the public roads, etc., of the county, there can be no question under the provisions of section 3032, Revised Statutes (*Holland v. State ex rel. Duval County*, 23 Fla. 123, 1 South. Rep. 521), and under the provisions of chapter 4391, laws of 1895, they are expressly authorized to appoint guards and keepers over such convicts and to provide for their feeding, etc., and by the provisions of the last mentioned act such guards are clothed with the authority of sheriffs and constables as to the care and custody of such prisoners.

It is further contended that under the constitution of this State the custody, care, keeping and feeding of county convicts is a duty devolving upon the sheriff of the county, and that he is entitled to the emoluments flowing therefrom, and that he can not constitutionally be deprived thereof. There is no merit in this contention. The sheriff has no exclusively inherent or constitutional right to the custody, care and keeping of county convicts or to the emoluments to be derived therefrom. Our constitution, section 6, article VIII, expressly makes the powers, duties and compensation of sheriffs dependent upon legislative action.

The judgment of the Circuit Court in said cause is hereby affirmed at the cost of the plaintiff in error.