SPECTOR, Associate Judge (Retired).
Appellants seek reversal of an order dismissing their complaint with prejudice in an action for damages against the Sheriff of Alachua County, Florida, and Alachua County, Florida. We are not here con *839 cerned with appellants’ cause against the sheriff—only the county.
Appellants are administrators of the estate of their son who was murdered by a fellow prisoner while he was incarcerated in the Alachua County Jail. The complaint was in two counts, the first sounding in negligence and the second in wrongful death pursuant to Chapter 768, Florida Statutes.
In response to the complaint against the aforementioned defendants, the defendant county filed its motion to dismiss on the grounds (a) the complaint failed to set forth the duty and any breach thereof owed by the county to the plaintiffs’ decedent by virtue of its ownership of the Ala-chua County Jail; (b) the complaint failed to allege causal connection between any action of the defendant county and the injury sustained by the deceased; (c) and that the conclusions contained in the complaint are not supported by sufficient allegations of ultimate fact. The defendant Sheriff filed his answer in essence denying all of the material allegations of the complaint.
Following the defendant county’s motion to dismiss, a hearing was had and memo-randa were submitted by counsel culminating with the order dismissing with prejudice the complaint only as against the county. Rehearing was had and denied following submission of additional memo-randa.
In support of its motion to dismiss in the final order of dismissal, the appel-lees argue that there is no statutory provision or decisional law setting forth who is to operate and control a jail. In the circumstances, appellees contend that the controlling principle as to this issue is as stated in 60 Am.Jur.2d, Penal and Correctional Institutions, Section 9, which states:
“Where a state constitution does not describe the duties of a sheriff, he will be deemed to have powers usually regarded as belonging to the office, including that of the custody of the common jail and of the prisoners therein . . .”
The trial court obviously accepted the above quoted rule as controlling in the premises and we agree. It seems to us that the contrary argument advanced by appellants that the county is ultimately responsible for the operation of the jail is without statutory or decisional authority. The county, of course, owns the jail. However, the operation of that facility and the control and custody of the inmates therein incarcerated are in the hands of the sheriff. That the defendant county has a duty to construct and provide funds for the operation of the jail can hardly be the basis for holding that it thereby becomes responsible for the day-to-day detailed operation of the jail, including the designation of which prisoners are to be placed in particular cells within the jail. That is the duty and responsibility of the sheriff.
Appellants further contend that inasmuch as the county has purchased liability insurance pursuant to Section 455.06(2), Florida Statutes, it has thereby waived immunity to the extent of such insurance coverage; and as a consequence of such waiver of immunity, the county is liable for that which occurs within the county jail. This contention was rejected below and we agree. The waiver of immunity does not establish liability in absence of a showing that the governmental agency has committed a tort. The mere procurement of insurance under Section 455.06(2), Florida Statutes, while serving as a waiver of sovereign immunity does not have the effect of establishing liability. The commission of a tort must first be shown.
Accordingly, we hold that the order dismissing the complaint as against the defendant county was correct and is therefore affirmed. However, giving recognition to the well established principle that liberality in amendments to pleadings are to be favored by the courts, we reverse *840 that portion of the final order dismissing the cause with prejudice so as to enable the appellants to file an amended complaint against the county if they deem such action desirable.
McCORD, J., concurs.
BOYER, Acting C. J., concurs specially.