The Honorable Bill Gunter State Treasurer and Insurance Commissioner The Capitol Tallahassee, Florida 32301
Dear Commissioner Gunter:
This is in response to your request for an opinion on substantially the following question:
 IS A MEMBER OF A BOARD OF COUNTY COMMISSIONERS ELIGIBLE FOR LICENSURE AS A BAIL BONDSMAN IN FLORIDA?
Chapter 648, F.S., regulates bail bondsmen and runners in Florida. The Department of Insurance and the Bail Bond Regulatory Board in the department administer the provisions of Ch. 648. Sections648.26 and 648.265, F.S. Section 648.30, F.S., prohibits a person from acting in the capacity of a bail bondsman or runner and from performing any of the functions, duties, or powers prescribed by Ch. 648 for bail bondsmen or runners "unless that person is qualified and licensed as provided in [Ch. 648]." See, s.648.27(1), (2) and (4), F.S., providing respectively as pertinent that "[n]o license shall be issued except in compliance with this chapter," "the department shall not issue . . . any license except in compliance with this chapter," and "[i]f . . . the department deems the applicant to be unfit as to character and background or lacking in one or more of the required qualifications for the license, the department shall disapprove the application."
Your question arises specifically in the context of an application for licensure as a bail bondsman from a member of a board of county commissioners in light of the provisions of s. 648.44(2), F.S., which state:
 The following persons or classes shall not be bail bondsmen, runners, or employees of a bail bondsman or a bail bond business and shall not directly or indirectly receive any benefits from the execution of any bail bond:
(a) Jailers or persons employed in any jail.
 (b) Police officers or employees of any police department or law enforcement agency.
 (c) Committing magistrates, employees of a court, or employees of the clerk of any court.
 (d) Sheriffs and deputy sheriffs or employees of any sheriff's department.
 (e) Persons having the power to arrest or having anything to do with the control of federal, state, county, or municipal prisoners. (e.s.)
In view of the fact that members of a board of county commissioners must approve an annual budget for the sheriff's department and for the operation of the county jail, and in further view of certain provisions of Ch. 951, F.S., you inquire whether a member of a board of county commissioners is disqualified from licensure as a bail bondsman under the language of s. 648.44(2)(e), F.S.
It does not appear that s. 648.44(2)(e), F.S., has been the subject of any prior opinions of this office, nor does my research reveal any judicial construction of the pertinent statutory language. In construing the statute, certain general principles of statutory analysis are applicable. While regulatory and penal laws are generally construed strictly and should not be extended by construction to include anything beyond the letter of the law, the penultimate canon of statutory from the statute is the law. See, Department of Legal Affairs v. Sanford-Orlando Kennel Club, Inc.,434 So.2d 879 (Fla. 1983); State v. Williams, 343 So.2d 35
(Fla. 1977). Legislative intent is determined primarily from the plain language of the statute. St. Petersburg Bank Trust Co. v. Hamm, 414 So.2d 1071 (Fla. 1982); Thayer v. State, 335 So.2d 815
(Fla. 1976). The Legislature must be assumed to know the meaning of words and to have expressed its intent by the use of the words found in the statute. S.R.G. Corp. v. Department of Revenue,365 So.2d 687 (Fla. 1978). Where the Legislature has used clear and unambiguous words in a statute, interpretation is not appropriate to displace the expressed intent. Heredia v. Allstate Insurance Co., 358 So.2d 1353 (Fla. 1978). In such a case, there is no occasion for resort to rules of statutory construction and the statute must be given its plain and obvious meaning. Ross v. Gore,48 So.2d 412 (Fla. 1950). See, Holly v. Auld, 450 So.2d 217
(Fla. 1984); American Bankers Life Assurance Company of Florida v. Williams, 212 So.2d 777, 778 (1 D.C.A. Fla., 1968) (courts are without power to construe an unambiguous statute so as to limit its express terms or its reasonable and obvious implications, since to do so would be an abrogation of legislative power).
According to the plain meaning of s. 648.44(2)(e), F.S., "persons . . . having anything to do with the control of . . . county . . . prisoners" may not be bail bondsmen in Florida. See, Webster's Third New International Dictionary 97 (1981), defining "anything" as meaning "any thing whatever" and "thing of whatever kind: thing of any sort." See also, 3A C.J.S. Any, p. 900 (word "any" "excludes any idea of selection or distinction, implying unlimited choice as to the particular unit, number, or quantity"). Cf., Hartford Accident and Indemnity Company, Inc. v. Shelby Mutual Insurance Company, Inc., 208 So.2d 465 (1 D.C.A. Fla., 1968), noting that, as used in an insurance policy, the word "control" meant such measure of control, jointly with others, as was consonant with work being done.
I am unable to conclude that a member of a board of county commissioners does not have "anything to do with the control of . . . county . . . prisoners" so as to render the plain and express terms of s. 648.44(2)(e), F.S., inapplicable to an application of such a county commissioner for licensure as a bail bondsman pursuant to Ch. 648, F.S. See, e.g., ss. 30.49(4) (board of county commissioners shall approve sheriff's budget as amended, modified, increased or reduced), 951.01 (board of county commissioners may employ persons in county jail upon roads, bridges or public works of the county), 951.03 (board of county commissioners to supply certain provisions to county prisoners on public works), 951.06
(county commissioners shall employ captain or warden and such guards as they deem necessary, with salaries to be paid from general fund of the county), 951.12 and 951.13 (exchange and transfer of prisoners between counties within authority of boards of county commissioners), and 951.21(3) and (4), F.S. (board of county commissioners may adopt policy to allow county prisoners extra good-time allowance or order forfeiture of extra gain-time on recommendation of sheriff or warden). See also, Prangler v. State, 470 So.2d 105 (2 D.C.A. Fla., 1985) (award of statutory gain time for good conduct in county jail is a function of the county commissioners). Accordingly, although the operation of the county jail "and the control and custody of the inmates therein incarcerated are in the hands of the sheriff," see, Baugher v. Alachua County, 305 So.2d 838, 839 (1 D.C.A. Fla., 1975), and AGO 84-71, members of a board of county commissioners are nevertheless at least indirectly involved with the control of county prisoners to an extent sufficient, in my opinion, to implicate the broad statutory language of s. 648.44(2)(e) with respect to the eligibility of such members for licensure as bail bondsmen in Florida.
Finally, this office has been advised that the affected county commissioner has received an advisory opinion from the Commission on Ethics, CEO 86-4, concluding that "[n]o prohibited conflict of interest would be created under Section 112.313(7), Florida Statutes, were a county commissioner to be licensed and to work as a bail bondsman." The opinion also notes specifically that
 [i]n a telephone conversation with our staff, you advised that the County Commission is responsible for funding the County Sheriff's Department and the County Jail, but that the Commission has nothing to do with prisoners except in regard to determining extra gain time for prisoners on the recommendation of the Sheriff. Under these circumstances . . . we do not find that your activities as a bail bondsman would present a conflict of interest with your duties as a member of the County Commission. (e.s.)
See also, s. 112.322(3)(a), authorizing the Commission on Ethics to render advisory opinions as to the applicability and interpretation of Part III, Ch. 112, F.S. Thus, the Commission on Ethics neither could nor did interpret or apply the plain and express provisions of s. 648.44(2)(e), F.S., nor did it express an opinion as to whether that section operates to prohibit licensure of a member of a board of county commissioners as a bail bondsman in Florida. Accordingly, nothing in the opinion herein conflicts with the conclusion reached in CEO 86-4 as to the applicability and interpretation of Part III, Ch. 112, in the factual circumstances therein set forth.
Therefore, unless and until legislatively or judicially determined otherwise, I am of the view that a member of a board of county commissioners is sufficiently involved with the control of county prisoners so as to render such member ineligible for licensure as a bail bondsman in Florida pursuant to s. 648.44(2)(e), F.S.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General