GARRETT, Judge.
Appellant Jane Feldman (Mrs. Feldman) seeks to have the full amount of her jury award against appellee (Sheriff) reinstated. On cross appeal, the Sheriff claims immunity from the suit as a contractor under the Workers’ Compensation Law.
The Sheriff maintained the Broward County Jail and contracted with a health services firm for prisoner medical care. In 1983, Mrs. Feldman, a nurse working for the firm, slipped and fell in the jail. She made a workers’ compensation claim and sued the Sheriff as a third party tort-fea-sor.
After trial, the judge limited her $297,-500 award to $100,000. The Sheriff concedes that Mrs. Feldman is entitled to the full amount of her jury award, Avallone v. Board of County Commissioners, 493 So.2d 1002 (Fla.1986), since the trial judge erroneously applied section 768.28, Florida Statutes (Supp.1986), retroactively. Kaisner v. Kolb, 543 So.2d 732 (Fla.1989).[1]
There was no written contract between the Sheriff and Broward County for the Sheriff to maintain the county jail. The Sheriff argues that he maintained the jail under an implied contract with the county. We reject the argument as did the trial judge[2] and likewise hold that appellee maintained the county jail under a statutory duty.
A sheriff has no inherent or constitutional duty to maintain a county jail, 1979 Op. Att’y Gen. Fla. 079-49 (May 2, *1273 1979) (citing Lang v. Walker, 46 Fla. 248, 35 So. 78, 80 (Fla.1903), and until 1986, no Florida statute authorized a sheriff to maintain a jail.[3] But at the time of Mrs. Feldman’s accident, Florida regulation provided that the officer-in-charge of a jail was obligated to implement a medical care program for the prisoners. Fla.Admin.Code Rule 33-8.07 (now numbered 33-8.007). Such rules have the force and effect of statutes. McCoy v. Hollywood Quarries, Inc., 544 So.2d 274, 277 (Fla. 4th DCA) (en banc), review denied, 553 So.2d 1165 (Fla.1989) (citing Florida Livestock Board v. Gladden, 76 So.2d 291 (Fla.1954)).
When the Sheriff assumed the role of officer-in-charge of the Broward County Jail he also assumed the statutory duty to implement a medical care program for his prisoners. Being subject to a statutory duty, the Sheriff could not be a statutory employer under the Workers’ Compensation Law and appellants had the right to sue him as a third party tort-feasor. National Union Fire Ins. v. Underwood, 502 So.2d 1325, 1327 (Fla. 4th DCA 1987) (citing Vanlandingham v. Florida Power & Light Co., 154 Fla. 628, 18 So.2d 678 (1944).
Accordingly, we reverse the reduced final judgment and remand with directions to enter a final judgment in the full amount of appellants’ award. Further, we affirm the trial judge’s ruling on the issue raised by the cross appeal.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED WITH DIRECTIONS.
WALDEN and GUNTHER, JJ., concur.

. The supreme court decided Kaisner v. Kalb, 543 So.2d 732 (Fla.1989), one month after the trial judge ruled that section 768.28, Florida Statutes (Supp.1986) applied.

. Paragraph 7 of the trial judge’s Order on Worker's Compensation Issue reads:
[Appellant] argues that there is an "implied contract" between the Sheriff and the Bro-ward County Commission which authorizes or requires the Sheriff to operate the jail. The Court finds it unnecessary to determine whether such a contract exists. Even if such a contract exists, the Sheriffs obligation to provide medical care is statutory in nature, and the statutory nature of that obligation precludes a determination that there is a general contractor/subcontractor relationship.

. Since 1986 a county commission can designate a sheriff as the chief correctional officer of the county correctional system. § 951.061(1), Fla. Stat. (Supp.1986).